12D ALE Y, Judge.
This is an appeal taken by First Communications Company from the trial court’s judgment denying their request for a temporary restraining order. For reasons assigned, we affirm the trial court’s judgment.

FACTS:

Jefferson Parish advertised for bids for a telephone system for its new library headquarters. There were two bidders for the project, First Communications Company (FCC) and Universal Telephone Company (UTC). FCC’s bid of $67,775.00 was for an entirely new system, while UTC’s bid of $38,-069.00 was for a Norstar system which was completely compatible with the library’s existing Norstar system.
After the sealed bids were opened, FCC sent a letter to the Chairman of the Jefferson Parish Bid Disqualification Review Committee alleging several problems 1 3with UTC’s bid. The alleged problems were investigated by the Parish and no reasons were found to reject or disqualify the UTC bid.
*789 Thereafter, on January 22, 1997, the Jefferson Parish Council adopted Resolution No. 83770, awarding the contract for the phone system to UTC. FCC filed a Petition for Temporary Restraining Order, Temporary Injunction, Permanent Injunction and Damages on January 30, 1997. That same day, the trial judge conducted a hearing and denied FCC’s request for temporary restraining order and ruled that FCC could seek relief through ordinary proceedings in accordance with LSA-R.S. 38:2220(B). FCC sought supervisory writs to this court which were denied and this appeal followed.
On appeal FCC contends that the Public Works Act was violated when the Parish accepted the nonconforming bid of UTC. FCC argues that R.S. 38:2220, which only allows an injunction to be filed prior to the award of a contract, violates due process and must be struck as unconstitutional.
In response, the Parish argues that FCC had ample time to seek injunctive relief in that the bids were opened on November 5, 1996, and the contract was not awarded until January 22, 1997. FCC delayed the awarding of the contract by the letter sent to the review committee. Appellee states that the resolution to award the contract to UTC was advertised on the Parish Council Agenda and the resolution to accept UTC’s bid was placed on the January 8, 1997 agenda. At the January 8, 1997 council meeting, the resolution to award the contract was deferred at the insistence of FCC. The resolution awarding the contract was later adopted at the Parish Council’s January 22nd meeting.
|4The Parish also contends that the legislature clearly intended that the only remedy available to any interested party in this situation, once a contract has been awarded, is through ordinary proceeding.
A review of the record and exhibits submitted by FCC indicates that there were four addendums to the bid. The last addendum was dated November 27,1996, and postponed the bid opening date to December 10, 1996. On December 10,1996, FCC wrote a letter to the Parish alleging that UTC’s bid was non-compliant. There is no indication as to the date the Parish determined that the bid proposal by UTC was in compliance, however we find nothing in the record or briefs which would have prevented FCC from filing for injunctive relief at that time.

ANALYSIS:

LSA-R.S. 38:2220(B) provides in pertinent part:
... Any interested person may bring suit in the District Court through summary proceedings to enjoin the award of a contract or to seek other appropriate injunc-tive relief to prevent the award of a contract which would be in violation of this part, or through ordinary proceedings to seek appropriate remedy to nullify a contract entered into in violation of this part.
In Benson Construction Company, Inc. v. City of Shreveport, 592 So.2d 1307 (La.1992) the plaintiff filed a summary proceeding to enjoin the continuation of a contract under the Public Works Act, which had already been awarded to the second lowest responsible bidder. The district court ruled that the plaintiff was limited to ordinary proceedings. The Second Circuit granted plaintiff’s writ application and held that the trial court erred in deciding that injunctive relief was unavailable to the plaintiff. The Supreme Court granted writs and held:
After a contract is awarded a party seeking to nullify must proceed by ordinary proceeding. La. R.S. 38:2220(B). Id. at 1307.
| rA-ceordingly, we hold that the trial court was correct in denying FCC’s request for a temporary restraining order and injunctive relief.
We note that FCC did not contest the constitutionality of R.S. 38:2220(B) in the trial court and has raised this issue for the first time on appeal. The general rule is that appellate courts will not consider issues raised for the first time on appeal, therefore, we decline to consider the constitutional issue. Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714; Stephenson v. Van Vleit, 96-1407 (La.App. 3rd Cir. 4/30/97), 693 So.2d 858.
Appellee has filed a Motion to Dismiss this appeal contending the issues on *790 appeal before this Court are now moot because work on the phone system has been completed. We deny appellee’s Motion to Dismiss and reaffirm the Supreme Court’s decision in Benson Construction Company, Inc. v. City of Shreveport, supra. Additionally, we note had this appeal been purely from the denial of a temporary restraining order FCC would have no right to appeal. See La. C.C.P. Article 3612. The petition in this matter prays for, in addition to other remedies a preliminary injunction. During the hearing in this matter, the trial judge stated that “according to the Statute, a temporary restraining order or a preliminary injunction do not lie.” Thus, this matter deals with a temporary restraining order as well as a preliminary injunction. Louisiana Code of Civil Procedure Article 3612 clearly provides for an appeal from a judgment or an order relating to a preliminary injunction.
For the foregoing reasons, the judgment of the trial court denying injunctive relief is affirmed. Appellant to pay all costs of appeal.
AFFIRMED.