CLARENCE E. McMANUS, Judge.
|2Plaintiffs, Evans Brown and Jeanette Brown, residents of the state of Georgia, filed suit for damages arising out of an automobile accident in Gretna, Louisiana. Evans Brown, the driver, was injured in the accident. His wife, Jeanette Brown, asserted a claim for loss of consortium. Named as defendants were Cutbertu Al-manza, driver of the other vehicle, and his insurer Assurance America Insurance Company. Also named as a defendant was the Brown’s uninsured/underinsured motorist carrier, Northbrook Indemnity Company, a foreign insurer who had issued the policy to plaintiffs through an agent located in Georgia. Thereafter, plaintiffs settled with Almanza and AAIC, leaving only Northbrook as a defendant in the suit.
After a trial on the merits, the trial court rendered judgment in favor of plaintiffs and against Northbrook in the amount of $15,000.00 plus interest and costs. The court further awarded expert witness fees in the amount of $2,000.00.
1.Northbrook has appealed. For the reasons that follow, we affirm the judgment of the trial court.
At trial, it was stipulated that the accident occurred on September 23, 2007; that AAIC paid its policy limits of $10,000.00; and that Northbrook tendered $10,000.00 in March of 2010.
The accident occurred while Evans Brown was stopped for traffic on Manhattan Boulevard in Harvey, LA. The vehicle behind Mr. Brown was also stopped. The defendant, Mr. Almanza, failed to stop and struck the car behind Mr. Brown, which in turn struck Mr. Brown’s car and pushed it into the vehicle in front of him.
Evans Brown, 58 at the time of trial, testified that he was a resident of Georgia and that he was staying in Louisiana to do construction work at the time of the accident. As a result of the accident, he suffered injury to his back that has been ongoing. Since the accident, he has not been able to work, do chores or play with his grandchildren. He had been treated conservatively, and intends to undergo whatever future treatment is necessary, however cash flow has been an issue.
Jeanette Brown testified that since the accident, Mr. Brown has been depressed, cranky and argumentative. He no longer works, which affects their financial state. He also no longer does chores around the house or plays with his grandchildren.
Dr. Rudolf V. Hamsa was qualified as an expert in orthopedic surgery. He testified that Mr. Brown incurred disc herniation and discogenic sprain, and also has a degenerative disc disease. Mr. Brown also developed post-traumatic TMJ. Dr. Ham-sa initially prescribed muscle relaxants and pain medication. Dr. Hamsa testified that he wanted further testing and possibly a lumbar epidural performed, but these had not been conducted at the time of trial, allegedly because Mr. Brown | Jacked the funds to pay for them. Dr. Hamsa stated that Mr. Brown’s symptoms and the injuries for which he was being treated were caused by the September 2007 accident.
Dr. David Wyatt Aiken, an expert in orthopedic surgery, testified for the defense. He stated that he had reviewed the medical records of Mr. Brown and concluded that he had pre-existing disc degenera *983 tion. He was unable to determine if Mr. Brown suffered disc herniation. He also was unable to conclude that Mr. Brown’s pain was caused by the automobile accident. Dr. Aiken admitted that he did not examine Mr. Brown before reaching his conclusions.
At the conclusion of trial, the court concluded that plaintiffs had shown, by a preponderance of the evidence, that Mr. Brown’s injuries were incurred as a result of the automobile accident. The trial court further found that overall damages exceeded $85,000.00, that Northbrook was entitled to a $20,000.00 credit for $10,000.00 settlement provided by American Insurance Company on behalf of Mr. Almanza, and the $10,000.00 previously tendered by it. The court awarded to plaintiffs the remaining policy limits of $15,000.00.
On appeal, Northbrook alleges that the trial court erred in its application of Georgia law to the facts of this case. According to Northbrook, the version of Georgia’s law in effect at the time of the accident provided that, in the event that the tortfea-sor was underinsured, as opposed to uninsured, the value of the insured’s UM coverage was to be decreased by the amount of coverage that the tortfeasor had. Northbrook argues that, in this case, plaintiffs had a policy limit of $25,000 in uninsured/underinsured coverage, and because the tortfeasor had coverage of $10,000.00, Northbrook’s exposure was limited to $15,000.00. Having already tendered $10,000.00, the trial court could only award an additional $5,000.00 and therefore the judgment which awarded $15,000 was erroneous.
| ¡¡Plaintiffs respond first that North-brook did not object to this application of Georgia law in the trial court and therefore are precluded from doing so on appeal. Secondly, they argue that the trial court did not err in its award.
We have carefully reviewed the record, and find nothing in the record to show that Northbrook argued for the application of the version of OCGA 38-7-11 in effect prior to amendment in 2008, so that the trial court would have been able to consider the issue prior to ruling. Since we see no objection in the trial court, Northbrook cannot assert the applicability of prior law for the first time on appeal. We do not consider contentions raised for the first time in this court which were not pleaded in the court below and which the district court has not addressed. Dean v. Southmark Const., 03-1051 (La.7/6/04), 879 So.2d 112; Johnson v. State, 02-2382 (La.5/20/03), 851 So.2d 918; First Communication Co. v. Jefferson Parish, 97-608 (La.App. 5 Cir. 11/25/97), 703 So.2d 788; Stewart v. Winn Dixie Louisiana, Inc., 96-599 (La.App. 5 Cir. 12/11/96), 686 So.2d 907.
In Horn v. Lacoste, 00-0965 (La.App. 1 Cir. 6/22/01), 793 So.2d 319 (on rehearing), writ denied, 01-2615 (La.12/14/01), 804 So.2d 633, the court said:
As the Louisiana Supreme Court noted in Stark v. Burke, Watt & Co., 9 La.Ann. 341, 345-46, 25 La. 288, 292-93 (1854), “The time of a court of justice should not be occupied with determining a cause on the general merits, only to reach the fruitless result of setting aside its decree, not because it is erroneous in the case presented, but because the litigant desires to present a new question which he might have presented before ....
Accordingly, we decline to consider Northbrook’s argument that the trial court erred in failing to apply a prior enactment of law in this case.
In this case, the trial court found that plaintiffs’ damages were in excess of $35,000.00, a finding not challenged on ap *984 peal. The trial court gave credit for the $10,000,00 liability settlement made by the tortfeasor’s insurer, and the $10,000.00 tender under plaintiffs’ insurer. Giving credit for these amounts, the trial court 1 (¡then found that Northbrook was still liable for $15,000.00, which represented the remainder of coverage under its policy. We see no error in this determination.
Accordingly, the judgment of the trial court is affirmed. Costs are assessed against appellant.

AFFIRMED