pLABORDE, Judge.
Plaintiff appeals the trial judge’s granting of a motion for summary judgment filed by the Louisiana Insurance Guaranty Association (LIGA). The trial court granted LIGA’s motion for summary judgment based on Luna v. American Building Systems, Inc., 620 So.2d 465 (La.App. 3d Cir.1993). In Luna, this court held that the 1989 amendment to La.R.S. 22:1379(8), which changed the definition of “insurance policy” to exclude from “direct insurance” a “cut through” agreement, was interpretive legislation and thus, applicable retroactively. Therefore, the trial court found LIGA could not be held responsible for payment on cut through endorsements. We reverse, based on the Louisiana Supreme Court decision in Luna v. American Building System, Inc., 629 So.2d *602 S61 (La.1993), which reversed the lower court decision, finding the amendment substantive not retroactive.

FACTS

It is undisputed that the plaintiff, Raymond Broussard, sustained an injury on July 13, 1982, while employed by United Service Contracting Company, Inc. (United). Western Preferred Casualty Company (Western) had issued a policy of workers compensation insurance to United at the time pertinent to this cause of action. Although Western was not licensed to do ^business within the State of Louisiana, its parent company Early American Insurance Company (Early American) was fully licensed as a direct insurer.
In a letter dated December 10,1991, plaintiff was notified by Western’s receiver that Western had been declared insolvent and ordered liquidated on April 16, 1986. The letter also stated that American Excess Underwriters, Inc., general agent for Western, had issued a block of Louisiana policies on behalf of Western which included a “cut through” endorsement, which stated that Early American would pay policy obligations if Western did not. It was later revealed that Early American had been declared insolvent prior to Western. Therefore, plaintiff alleged that LIGA is liable due to a cut through endorsement by Early American.
On December 6,1993, the trial court granted LIGA’s motion for summary judgment. It based its ruling on the case of Luna v. American Building Systems, Inc., 620 So.2d 465 (La.App. 3d Cir.1993), which held that the 1989 amendment to La.R.S. 22:1379(8), excluding cut through endorsements from the definition of direct insurance and therefore excluding coverage by LIGA, applied retroactively. The plaintiff appeals and assigns the following errors:
1. The trial court erred in granting LIGA’s motion for summary judgment because there were genuine issues of material fact presented by plaintiff.
2. The trial court further erred in granting LIGA’s motion for summary judgment based solely on the ruling in Luna v. American Building Systems, Inc., 620 So.2d 465 (La.App. 3d Cir.1993), wherein the 1989 amendment to La.R.S. 22:1379(8) was applied retroactively.
3. The trial court erred in applying the 1989 amendment to La.R.S. 22:1379(8) retroactively to exclude coverage to plaintiff when the accident which formed the basis of his claim occurred in 1982.
4. The trial court erred in failing to find that the endorsement issued by Early American to Western Preferred was “direct insurance” and therefore, covered by the LIGA statute.
5. The trial court further erred by not considering Early American Insurance Company “the” worker’s compensation insurer, based on fact that Early American representatives communicated directly with plaintiffs employer concerning said coverage. Said direct contact by ’ Early American moved plaintiffs claim outside the realm of La.R.S. 22:1379(8).
, ISSUES OF FACT
The plaintiff alleges that the trial court erred in granting LIGA’s motion for summary judgment since a genuine issue of material fact exists. La.Code Civ.P. art. 966(B) provides 13that the motion for summary judgment shall be rendered if there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. However, paragraph (D) of this article allows the court to grant a summary judgment on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages. Therefore, although there are genuine issues as to liability and the amount of damages, the trial court could grant a motion for summary judgment on the issue of whether coverage by LIGA was available.

ISSUES OF LAW

The plaintiff also alleges that the trial court erred in granting LIGA’s motion for summary judgment based Luna v. American Building Systems, Inc., 620 So.2d 465 (La. App. 3d Cir.1993), wherein the 1989 amend *603 ment to La.R.S. 22:1379(8) was applied retroactively. Plaintiff contends the trial court incorrectly applied that amendment retroactively to exclude coverage to plaintiffs 1982 accident, erroneously finding that, the endorsement issued by Early American to Western Preferred was not “direct insurance” and therefore, not covered by LIGA. We agree that the amendment to La.R.S. 22:1379(8) is substantive and should not be applied retroactively to the plaintiffs case.
On November 5, 1993, the Louisiana Supreme Court granted the writ of certiorari and/or review in Luna v. American Building Systems, Inc., et al., 620 So.2d 465 (La.App. 3d Cir.1993), reversing the decision of the appellate court. The supreme court adopted the position that the 1989 amendment was a substantive change in the law and not to be applied retroactively, based on Judge Gui-dry’s dissent in the lower court’s opinion. Luna v. American Building Systems, Inc., et al., 629 So.2d 361 (La.1993). In his dissent, Judge Guidry asserted that the 1989 amendment to La.R.S. 22:1379(8), changed the law as it was previously construed by this court and others, citing Martin Lumber v. Louisiana Insurance Guaranty Association, 534 So.2d 469 (La.App. 3d Cir.1988), writ denied, 537 So.2d 1162 (La.1989). Thus, the 1989 amendment excluding cut through agreements from direct insurance, was a substantive change in the law, which should be applied prospectively only. Luna, 620 So.2d at 468-469. Therefore, we find that LIGA is not entitled to summary judgment as a matter of law, since the 1989 amendment cannot be applied retroactively to this cause of action which arose in 1982.
UThe plaintiff also alleges that the trial court erred by not considering Early American “the” worker’s compensation insurer, based on communications by Early American representatives directly with plaintiffs employer concerning said coverage. The plaintiff alleges this direct contact moved plaintiffs claim outside the realm of La.R.S. 22:1379(8), granting coverage by LIGA through Early American as direct insurer. Because of our ruling in this matter reversing the trial court, we need not address this assignment of error.

DECREE:

The ruling of the trial court granting LIGA’s motion for summary judgment is reversed and the ease is remanded to the trial court for further proceedings. Costs, are assessed to defendant-appellee, LIGA.
REVERSED AND REMANDED.