996 So.2d 404 (2008)
Lori BECK and Charles Beck, Plaintiffs-Appellees
v.
Brett C. BURGUENO and LK Entertainment, LLC d/b/a Backdoor Lounge, Defendants-Appellants.
No. 43,557-CA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*406 Hudson, Potts, & Bernstein, LLP, by Gordon L. James, Donald H. Zeigler, III, Monroe, for Appellant LK Entertainment, LLC d/b/a Backdoor Lounge.
Jeffrey D. Guerriero, Kevin D. Alexander, Monroe, for Appellees Lori and Charles Beck.
Hayes, Harkey, Smith & Cascio, LLP, by Thomas M. Hayes, IV, Monroe, for Intervenor-Appellee Colony Ins. Co.
Before BROWN, WILLIAMS and MOORE, JJ.
MOORE, J.
The trial court granted Colony Insurance Company's motion for summary judgment based on a policy exclusion that excludes coverage arising out of "assault and battery." The insured, LK Entertainment, L.L.C., d/b/a Backdoor Lounge ("LK Entertainment"), appeals the judgment, alleging that there remained issues of material fact that preclude summary judgment. For the following reasons, we affirm.

FACTS
There are few factual details in the record regarding the event that spawned this litigation. The plaintiffs' petition alleges that on March 11, 2006, Lori Beck was patronizing the Backdoor Lounge located at 6234 Cypress Street, West Monroe, Louisiana. She alleges that while she was there, one Brett C. Burgueno physically assaulted her and caused her to suffer injuries. Ms. Beck contends that Mr. Burgueno touched her in an inappropriate and unwelcome manner and struck her. Additionally, Ms. Beck's husband, Charles Beck, alleges he has suffered a loss of consortium as a result of his wife's injuries.
*407 The Becks sued Brett Burgueno and LK Entertainment alleging, inter alia, that Burgueno was an employee of the lounge acting within the course and scope of his employment, and that LK Entertainment was negligent for the following conduct:
(1) Failure to adequately and properly supervise its employees;
(2) Failure to provide for the safety and well-being of others;
(3) Failure to perform adequate background checks on its employees;
(4) Negligent hiring;
(5) Failure to summon the police in a timely manner;
(6) Failure to provide adequate security;
(7) Allowing its employees to consume alcohol while on the job; and
(8) Failure to warn the plaintiff.
Against defendant Burgueno, the plaintiffs allege the following negligent and intentional acts:
(1) Drinking on the job;
(2) Failure to provide for the safety and well-being of others;
(3) Touching Lori Beck in an inappropriate and unwelcome manner;
(4) Striking Lori Beck;
(5) Failing to warn Lori Beck.
LK Entertainment answered the petition specifically denying the allegation that Burgueno was its employee and denied for lack of sufficient information that the incident occurred as well as any liability to the plaintiffs.
Although the petition did not name a defendant insurer for the lounge, Colony Insurance Company ("Colony") subsequently intervened, seeking a declaratory judgment on the issue of coverage. Colony alleged that it issued a General Commercial Liability ("GCL") policy to LK Entertainment and was in force at the time of the incident, but that the incident was not covered due to the policy's "assault and battery" exclusion.
LK Entertainment answered Colony's petition to intervene and admitted Colony's allegation that Colony issued a GCL policy to LK Entertainment, but it contested the applicability of the "assault and battery" exclusion.
Colony subsequently filed a motion for summary judgment supported with an affidavit from claims adjuster Linda Hinkle, who identified the attached GCL policy in force on the date of the alleged incident. In general, the policy's "assault and battery" exclusion states that the policy does not cover bodily injury or property damages arising out of an assault and battery committed by any person and for other listed types of negligent acts or omissions related to an assault and battery.
LK Entertainment opposed the motion, contending that Colony did not show by supporting affidavits that there were no issues of material fact. It contended that, in addition to the dispute over whether the coverage exclusion applied, there remained two disputed material issues of fact; namely, whether the incident alleged by the plaintiffs occurred and whether Burgueno was an employee of LK Entertainment. It noted that LK Entertainment had denied that the incident occurred and denied that Burgueno was its employee. Additionally, LK Entertainment argued that there were allegations in the plaintiffs' petition that did not fit within the policy's "assault and battery" exclusion and thus provided coverage. Finally, LK Entertainment alleged that Colony owed it a duty to defend because the policy did not unambiguously exclude coverage.
After the second round of reply briefs, the district court granted the motion and rendered judgment in favor of Colony declaring that the GCL policy did not provide *408 coverage for the damages claimed by the plaintiffs and that Colony did not have a duty to defend the suit.
This appeal followed.

DISCUSSION
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Jones v. Foster, 41,619 (La.App. 2 Cir. 12/13/06), 945 So.2d 262; Foley v. Sportran, 40,624 (La.App. 2 Cir. 5/17/06), 930 So.2d 368. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Racine v. Moon's Towing, 2001-2837 (La.5/14/02), 817 So.2d 21; Jones v. Foster, supra. The motion should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiffs' claim. The burden then shifts to the plaintiffs to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Jones v. Foster, supra. If the plaintiffs then fail to produce such evidence, then summary judgment is proper. King v. Phelps Dunbar LLP, 98-1805 (La.6/4/99), 743 So.2d 181; Jones v. Foster, supra.
Appellate review of the grant or denial of a summary judgment is de novo. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002; Row v. Pierremont Plaza LLC, 35,796 (La.App. 2 Cir. 4/3/02), 814 So.2d 124, writ denied, XXXX-XXXX (La.8/30/02), 823 So.2d 952.

Insurance Coverage
A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages. La. C.C.P. art. 966(E);[1]Jie v. Certified Lloyds Plan, 34,545 (La.App. 2 Cir. 4/4/01), 785 So.2d 118; Simmons v. Weiymann, XXXX-XXXX (La.App. 1 Cir. 8/23/06), 943 So.2d 423; Broussard v. United Services Contracting Co., Inc., 94-447 (La. App. 3 Cir. 12/7/94), 647 So.2d 601; Stewart Interior Contractors, L.L.C. v. Metalpro Industries, L.L.C., XXXX-XXXX (La.App. 4 Cir. 10/10/07), 969 So.2d 653; Kinchen v. Louie Dabdoub Sell Cars, Inc., 05-218 (La. App. 5 Cir. 10/6/05), 912 So.2d 715, writ denied, 2005-2356 (La.3/17/06), 925 So.2d 544.
When determining whether a policy affords coverage for an incident, the insured bears the burden of proving the incident falls within the policy's terms. See Doerr v. Mobil Oil Corp., XXXX-XXXX (La.12/19/00), 774 So.2d 119, modified on other grounds on reh'g, XXXX-XXXX (La.3/16/01), 782 So.2d 573; Alexander v. *409 Cornett, 42,147 (La.App. 2 Cir. 7/11/07), 961 So.2d 622, writ denied, XXXX-XXXX (La.11/2/07), 966 So.2d 603; Jones v. Foster, supra. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d.1180, 1183. An insurer seeking to avoid coverage through summary judgment bears the burden of proving some provision or exclusion applies to preclude coverage. Alexander v. Cornett, supra; Simmons v. Weiymann, supra.

Insurance Policy Interpretation
An insurance policy is a contract between the parties and should be construed using the general rules of contractual interpretation. The extent of coverage provided by a policy is determined by the parties' intent, as reflected by the words of the policy. La. C.C. art. 2045; La. C.C. art. 2046; Winn v. Nation, 39,229 (La.App. 2 Cir. 1/26/05), 893 So.2d 133, writ denied, XXXX-XXXX (La.5/13/05), 902 So.2d 1022. Words and phrases used in an insurance policy must be given their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047; Edwards v. Daugherty, 2003-2103, 2003-2104 (La.10/1/04), 883 So.2d 932. Insurance policies should be construed to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148 (La. 1993). However, an insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Edwards, supra; Winn, supra.
Whether an insurance contract is ambiguous is a matter of law. Alexander v. Cornett, supra; Yarbrough v. Federal Land Bank of Jackson, 31,815 (La.App. 2 Cir. 3/31/99), 731 So.2d 482. Policies should be construed to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148 (La.1993); Yarbrough v. Federal Land Bank of Jackson, supra. Any exclusion from coverage in an insurance policy must be clear and unmistakable. South Cent. Bell Telephone Co. v. Ka-Jon Food Stores, 93-2926 (La.5/24/94), 644 So.2d 357. It is the duty of the insurer to clearly express exclusions or limitations in a liability policy. Little v. Kalo Laboratories, Inc., 406 So.2d 678 (La.App. 2 Cir.1981), writ denied, 410 So.2d 1133 (La.1982). Thus, any ambiguity in an exclusion should be narrowly construed in favor of coverage. Yount v. Maisano, supra.
In this case, the two primary issues are whether the Colony GCL policy provides coverage in this case and whether Colony has a duty to defend LK Enterprises. Because neither Colony nor LK Enterprises disputes that Colony issued a GCL policy that was in effect at the time of the incident that forms the basis of the lawsuit, Colony, as the insurer and movant for summary judgment, has the burden of proving that the incident in question is excluded from coverage. Alexander v. Cornett, supra. Colony submitted with its motion for summary judgment an affidavit and attached policy, which contains an "assault and battery exclusion" that excludes coverage for damages due to bodily injury or property damage. That provision reads as follows:
This insurance does not apply to damages or expenses due to "bodily injury," "property damage," or "personal and advertising injury" arising out of or resulting from:

*410 (1) Assault and battery committed by any person;
(2) The failure to suppress or prevent assault and battery by any person;
(3) The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;
(4) The negligent hiring, supervision, or training of any person;
(5) The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.
LK Entertainment contends that summary judgment was inappropriate because there are genuine issues of material fact in dispute as to whether the (1) conduct occurred, and (2) fell within the exclusionary language of the policy. Specifically, it contends that since the plaintiffs allege that Burgueno's conduct was "repeatedly physically assaultive" and LK Entertainment denied the conduct and denied that Burgueno was its employee at the time of the incident in its answer, there is a genuine issue of fact as to whether the assault and battery exclusion applies in this case, especially since there is no affidavit attesting to the conduct.
We conclude that the allegedly disputed issues of material fact raised by LK Entertainment in its answer to the petition, namely, whether the conduct occurred or whether Burgueno was employed by LK Entertainment, concern the possible liability of LK Entertainment only, and are not material to the issue of whether the policy provides coverage in this case.
The proper inquiry in this coverage question, is whether, assuming the truth of the plaintiffs' allegations, which is to say, assuming that Burgueno and LK Entertainment committed the acts or omissions alleged in the petition, coverage is excluded under the "assault and battery" exclusion. While we agree with LK Entertainment that whether the conduct occurred is a disputed fact, it is not material to the determination of coverage under the Colony policy. Even though there may be some dispute as to whether or not the conduct occurred or whether the plaintiffs were even injured, there is no dispute that if Ms. Beck was assaulted or inappropriately touched and she and her husband were injured or damaged, it was by some type of an assault and battery by Burgueno and this act is included within the assault and battery exclusion. See Proshee v. Shree, Inc., XXXX-XXXX (La.App. 3 Cir. 2/2/05), 893 So.2d 939.[2]
Plaintiffs also contend that there is a genuine issue of material fact as to whether some of the acts fall within the exclusionary language of the policy. Specifically, it refers to the allegations that LK Entertainment was negligent in failing to summon the police in a timely manner, failing to provide adequate security, and allowing its employees to consume alcohol while on the job. These actions or omissions, LK Entertainment argues, are separate acts from the allegations against Burgueno and are not excluded in the assault and battery exclusion.
*411 We disagree.
Recently, in Straughter v. Hodnett, 42,827 (La.App. 2 Cir. 1/9/08), 975 So.2d 81, writ denied, XXXX-XXXX (La.5/2/08), 979 So.2d 1286, we interpreted the same policy "assault and battery" exclusion and affirmed a summary judgment dismissing the insurer under allegations similar to those the instant case. The plaintiffs, Straughter and Harris, were attacked and stabbed by another patron inside Banana Bob's Cantina in Monroe. They filed suit against their assailant, as well as the bar operator, Vince Hodnett d/b/a Banana Bob's, alleging that Hodnett was negligent in allowing a dangerous weapon in the club, in allowing bad conduct in the bar, and in failing to have sufficient security. Plaintiffs subsequently filed a second amended petition with the same allegations and naming additional defendants, including the building owner and parking lot co-owners and lessors and named Colony Insurance Company as insurer of all the defendants except the assailant. In addition to the negligence allegations, the plaintiffs alleged that the defendants were liable for allowing ongoing criminal conduct at the establishment.
After de novo review, we affirmed the summary judgment finding that the "assault and battery" exclusion included the negligence and nuisance claims against the owners. We stated:
The language of the assault and battery exclusion is sufficiently broad to exclude coverage for the alleged nuisance claims urged by the plaintiffs. Those claims fall under those parts of the exclusion denying coverage for the failure to suppress or prevent assault and battery or to provide a safe environment from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery. This is the type of harm that the plaintiffs' claim constitutes maintaining a nuisance on the property. The plaintiffs' arguments to the contrary are without merit.
Likewise, in this instance, we conclude that the plaintiffs' allegations that LK Entertainment was negligent in failing to summon the police in a timely manner, failing to provide adequate security, and allowing its employees to consume alcohol while on the job, even if true, all constitute specific examples of the broader categories in the policy excluding liability for "failure to prevent an assault and battery," "failure to provide a safe environment" and "negligent ... supervision" of an employee.
For these reasons, we conclude that the Colony GCL policy issued to LK Enterprises does not provide coverage for the damages arising out of the incident or conduct alleged in this case.

The Insurer's Duty to Defend
It is settled law that the insurer's obligation to defend suits against its insured is generally broader than its liability for damage claims. Steptore v. Masco Const. Co., 93-2064 (La.8/18/94), 643 So.2d 1213; American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Gleason v. State Farm Mut. Auto. Ins. Co., 27,297 (La.App. 2 Cir. 8/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454. This duty to defend is determined by the allegations of the plaintiffs' petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Id. Thus, if, assuming all the fact allegations of the petition to be true, there would be both (1) coverage under the policy, and (2) liability to the plaintiffs, the insurer must defend the insured regardless of the outcome of the suit or the eventual determination of actual coverage. The allegations of the petition are liberally *412 interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Yount v. Maisano, 627 So.2d 148 (La. 1993); American Home Assurance Co. v. Czarniecki, supra; Yarbrough v. Federal Land Bank of Jackson, supra. The insured need not prove the outcome of the suit will necessarily impose liability for plaintiffs' claims. Rather, the duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. Steptore v. Masco Const. Co., Inc., supra; Yarbrough v. Federal Land Bank of Jackson, supra. Thus, even though plaintiffs' petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded. Yarbrough v. Federal Land Bank of Jackson, supra; Edwards v. Daugherty, 95-702 (La.App. 3 Cir. 1/10/96), 670 So.2d 220, writ denied, 96-0362 (La.3/22/96); 669 So.2d 1212.
LK Entertainment contends that the policy does not "unambiguously exclude" coverage because of the negligence claims against LK Entertainment in the plaintiffs' petition do not fall within the "assault and battery" exclusion. Therefore, it contends that Colony still has a duty to defend those claims.
Because we have determined above that the negligence claims in the plaintiffs' petition, even if true, are excluded from coverage under the policy language of the "assault and battery" exclusion, we conclude that Colony has no duty to defend the suit.
Accordingly, the judgment of the trial court is affirmed.
BROWN, C.J., dissents with reasons.
BROWN, Chief Judge, dissenting.
I take issue with the majority's conclusion concerning the duty to defend. That opinion does not candidly set forth the allegations of the petition in this case. Paragraph four of the petition contains the only statement of an assault, and it ambiguously states:
While a guest invitee and patron of Defendant's establishment an employee of Defendant, namely Brett C. Burgueno, repeatedly physically assaulted Plaintiff, Lori Beck, thereby causing her to suffer injuries and damages for all of which she desires and is entitled to be compensated.
There is no explanation of what constituted the assault. The statement only expresses a conclusion. No discovery was had, and no affidavits or depositions were offered. Backdoor Lounge denied that any malicious or willful acts occurred and claimed that Burgueno was not an employee of the Lounge. The petition does not unambiguously exclude coverage. See, Baugh v. Redmond, 565 So.2d 953 (La. App. 2d Cir.1990); Sullivan v. Franicevich, 04-0321 (La.App. 4th Cir.03/09/05), 899 So.2d 602, writs denied, 05-0880, 05-0920 (La.05/20/05), 902 So.2d 1051, 1055.
In addition, the majority approach is contrary to a recent decision of this court. In Adams v. Frost, 43,503 (La.App. 2d Cir.08/13/08), 990 So.2d 751, within the four corners of the petition, it was specifically alleged that the defendant crossed the fence onto the plaintiff's property and struck plaintiff in the head with either an axe or a sledgehammer. Frost filed a third-party action against his insurer and his employer's insurer who claimed an assault and battery policy exclusion. Both insurers filed a summary judgment motion based on the eight corners of the petition and policies. Frost alleged in his answer that he acted in self-defense. This court *413 considered Frost's assertion of self-defense and wrote:
Frost asserts that State Farm coverage should be afforded to him under his homeowner's policy because he was acting in self-defense. Frost stated he was defending himself at the time the incident occurred ...
Even though Adams' petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if it is proven that Frost did not commit willful and malicious acts. Under the facts presented, there is clearly an issue of material fact about whether Frost was acting in self-defense. We conclude that the trial court erred in granting summary judgment in this instance.
Unlike Adams, the petition in the present case asserts only a conclusion, not facts; however, as in Adams, the insured, Backdoor Lounge, has asserted that there was no willful or malicious act.
For these reasons, I respectfully disagree and would reverse the grant of summary judgment.
NOTES
[1] Formerly, a motion for summary judgment on the issue of insurance coverage was specially provided for in La. C.C.P. art. 966(E & F); however, the legislature repealed these provisions by Acts 1997, No. 483, § 3 in order to greatly expand the scope of matters subject to a summary judgment under re-enacted subsection E. See Alcorn v. City of Baton Rouge ex rel. Baton Rouge Police Dept., 2003-2682 (La.1/16/04), 863 So.2d 517.
[2] We distinguish the issue in this case from Lawrence v. Security Professionals, 32,325 (La. App. 2 Cir. 08/18/99), 743 So.2d 247, writ denied, 99-2727 (La. 11/24/99), 750 So.2d 991, where a panel from this court upheld the trial court's denial of the insurer's motion for summary judgment based on the finding that there was a genuine issue of material fact with respect to whether plaintiff's injuries were caused by an intentional battery or an accident.