ROBERT M. MURPHY, Judge.
|2The plaintiff/appellant, Michael Goldman, appeals the trial court’s judgment granting the intervenor Founders Insurance Company’s motion for summary judgment, which held that the Founders insurance policy at issue does not provide coverage to any defendant named in appellant’s lawsuit and that Founders Insurance Company has no obligation to provide a defense to any defendant named in appellant’s lawsuit. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On July 30, 2010, the plaintiff/appellant, Michael Goldman, filed a petition for damages against defendants, John Doe 1, John Doe 2, Darrell Dumestre and GAD Entertainment, LLC d/b/a Club Eden (“Club Eden”) arising out of an alleged attack that occurred on July 30, 2009 at Club Eden, a business establishment located at 3229 Lisa Drive, Metairie, Louisiana. In his petition, Mr. Goldman alleged that he sustained bodily injuries after he was suddenly and without warning, “viciously attacked” by the defendants, John Doe 1 and John Doe 2, |3while attempting to leave *379 Club Eden. Mr. Goldman further alleged that John Doe 1 and John Doe 2 were employees of defendants, Darrell Dumes-tre and Club Eden, and that they were acting within the course and scope of their employment at the time of the incident.
During Mr. Goldman’s deposition, he testified as to the details of the incident at issue. He claimed that as he was attempting to leave Club Eden, one of the bouncers stopped him and told him that he had an outstanding bar tab. Mr. Goldman then informed the bouncer that he had already closed out his tab and proceeded to exit through the front door. However, Mr. Goldman claimed that the front door was locked. As he turned around, Mr. Goldman testified that two bouncers approached him and that one of the bouncers struck him, causing him to pass out.
On December 7, 2010, the intervenor/ap-pellee Founders Insurance Company (“Founders”), filed a petition of intervention alleging that Founders issued a policy of general liability insurance to Club Eden (providing both CGL coverage and liquor liability coverage), bearing Policy No. CPLA000095, effective October 18, 2008 to October 18, 2009 (hereinafter, the “Founders policy”). Founders alleged that although the Founders policy at issue was in effect at the time of the incident set forth in Mr. Goldman’s petition, the incident was not covered due to the assault and battery exclusions provided in both the CGL coverage and the liquor liability coverage of the Founders policy.
Subsequently, Founders filed a motion for summary judgment. In its motion for summary judgment, Founders sought a ruling that pursuant to the assault and battery exclusion of the Founders policy, (1) the Founders policy at issue does not provide coverage to any defendant herein for any liabilities or damages asserted by Mr. Goldman, and (2) that Founders has no obligation, under the Founders policy |4or law, to provide a defense to any defendant for any liabilities or damages asserted by Mr. Goldman. In support of its motion, Founders attached' an affidavit of a USG Insurance Services representative, Blanche Myers, certifying that the attached insurance policy is a true and correct certified copy of the Founders policy in effect on the date of the incident; a copy of Mr. Goldman’s petition; and excerpts of Mr. Goldman’s deposition transcript detailing his account of the alleged attack.
In his memorandum opposing Founders’ motion for summary judgment, Mr. Goldman alleged that Founders is not entitled to summary judgment because genuine issues of material fact exist as to whether an assault and battery occurred. In addition, Mr. Goldman alleged that certain language of the assault and battery exclusion was vague and ambiguous.
On October 12, 2011, Founders’ motion for summary judgment came before the trial court for hearing, and the court granted Founders’ motion.- On November 9, 2011, the trial court entered a judgment granting Founders’ motion for summary judgment, finding “that the Founders insurance policy at issue does not provide coverage to any defendant herein for any liabilities or damage asserted by Plaintiff in this lawsuit and that Founders Insurance Company has no obligation, under the subject policy or law, to provide a defense to any defendant herein for any liabilities or damages asserted by Plaintiff in this lawsuit.”
Mr. Goldman, sought and was granted a devolutive appeal on December 12, 2011.
STANDARD OF REVIEW
Louisiana Code of Civil Procedure Article 966 provides that a motion for sum *380 mary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled |fito summary judgment as a matter of law.” Hin-chen v. Louie Dabdoub Sell Cars, Inc., OS-218 (La.App. 5 Cir. 10/6/05); 912 So.2d 715, 717, writ denied, 05-2356 (La.3/17/06); 925 So.2d 544 (citing La. C.C.P. art. 966(B)). It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Garrison v. Tanenbaum, 02-1181 (La.App. 5 Cir. 4/8/03); 846 So.2d 40, 42; (citing Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94); 639 So.2d 730, 750). Therefore, this court must consider whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Id.
The burden of proof remains with the movant. In considering a motion for summary judgment, the court shall render judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Rudolph v. D.R.D. Towing Co., LLC, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274, 1277 (citing La. C.C.P. art. 966). Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Garrison, 846 So.2d at 43.
DISCUSSION

Insurance Coverage

A dispute as to the issue of whether, as a matter of law, the language of an insurance policy provides coverage to a party, can properly be resolved within the context of a motion for summary judgment. Domingue v. Reliance Ins. Co., 619 So.2d 1220, 1223 (La.App. 3 Cir.1993). An insurer seeking to avoid coverage through summary judgment bears the burden of proving the applicability of an |fiexclusion within a policy. Doerr v. Mobil Oil Corp., 00-0947 (La.12/19/00); 774 So.2d 119, 124, modified on other grounds on reh’g, 00-0947 (La.3/16/01); 782 So.2d 573. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Beck v. Burgueno, 43,557 (La.App. 2 Cir. 9/17/08); 996 So.2d 404, 409.

Insurance Policy Interpretation

An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. Mattingly v. Sportsline, Inc., 98-230 (La.App. 5 Cir. 10/28/98); 720 So.2d 1227, 1229, writ denied, 98-2938 (La.1/29/99); 736 So.2d 830; Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166. The extent of coverage is determined by the parties’ intent, as reflected by the words of the policy. Id. Unless the words of the policy have acquired a technical meaning, the words used in the policy will be construed using their plain, ordinary and generally prevailing meaning. La. C.C. art. 2947; Louisiana Ins. Guar. Ass’n. v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94); 630 So.2d 759. The agreement must be enforced as written if the policy wording at issue is clear and expresses the intent of the parties. Ledbetter, supra; Pareti v. *381 Sentry Indem. Co., 536 So.2d 417 (La. 1988).
 An insurance company may limit coverage in any manner, as long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. The exclusionary provisions of an insurance contract are strictly construed against the insurer, and any ambiguity in the exclusion is construed in favor of the insured. Garcia v. St. Bernard Parish Sch. Bd., 576 So.2d 975 (La.1991).

|^Founders’ Motion for Summary Judgment

In its motion for summary judgment, Founders raises two primary issues: (1) whether the Founders policy provides coverage to any defendant herein for any of the claims asserted by Mr. Goldman; and (2) whether Founders has any obligation under the policy to provide a defense to any defendant herein for any of the claims asserted by Mr. Goldman. Because Founders seeks to avoid coverage through its motion for summary judgment, it bears the burden of proving that the assault and battery exclusion at issue applies.
Founders submitted with its motion for summary judgment an affidavit attached to the Founders policy, which provides both CGL coverage and liquor liability coverage to its insured, Club Eden. Because “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... need not be formally introduced into evidence at the hearing on the motion if they are already ‘on file’ or physically placed into the record prior to the hearing on the motion,” the Founders policy verified by affidavit is properly before this Court on appeal. Banks v. Parish of Jefferson, No. 12-215, 12-488, 108 So.3d 1208, 1219, 2013 WL 336678, at *9 (La.App. 5 Cir. Jan. 30, 2013) (citing Sheffie v. Wal-Mart Louisiana LLC, 11-1038 (La.App. 5 Cir. 5/31/12); 92 So.3d 625, 629).
The CGL coverage portion of the Founders policy contains an assault and battery exclusion, which provides as follows:
This insurance does not apply to:
1. Assault and/or Battery/Negligent Hiring
“Bodily injury,” “property damage,” or “personal and advertising injury” arising from:
(a) Assault and/or battery committed by any insured, any “employee” of an insured, or any other person;
(b) The failure to suppress or prevent assault and/or battery by any person in subparagraph l.(a) above;
|8(c) The selling, serving or furnishing of alcoholic beverages which result in an assault and/or battery; or
(d) The negligent:
1) Employment;
2) Investigation;
3) Supervision;
4) Reporting to the proper authorities, or failure to so report; or
5) Retention
of or by a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by subparagraphs l.(a) through l.(c) above.
The liquor liability coverage portion of the policy also contains an assault and battery exclusion, which provides as follows:
2. Exclusions to Coverage
k. Assault and/or Battery
“Injury” arising from:
*382 (1) assault and/or battery committed by any “insured,” any “employee” of an “insured,” or any other person;
(2) The failure to suppress or prevent an assault and/or battery by any person in subparagraph k.(l) above;
(3) The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or
(4) The negligent:
a. Employment;
b. Investigation;
c. Supervision;
d. Reporting to the proper authorities, or failure to so report; or
e. Retention
of or by any person for whom any “insured” is or ever was legally responsible and whose conduct would be excluded by subparagraphs k.(l) through k.(3) above.
As for Founders’ duty to defend under the policy, both the CGL coverage portion and the liquor liability coverage portion contain provisions stating that Founders has no duty to defend an insured against any suit seeking damages for bodily injury or property damage to which the insurance policy does not apply.
| ^Issues on Appeal
On appeal, Mr. Goldman contends that summary judgment was inappropriate because (1) Founders relies solely upon the allegations of Mr. Goldman’s petition in support of its argument that the policy’s assault and battery exclusions apply; (2) the defendants have denied all of the allegations of Mr. Goldman’s petition in their answer thereto; (3) the cases cited by Founders in support of its motion for summary judgment do not involve patron/employee fights or respondeat superior; and (4) the management company of Club Eden is an insured under the Founders policy.
With respect to the first issue, Mr. Goldman claims that Founders’ motion for summary judgment was not properly supported because Founders relies solely upon the “incorrect and wholly unsupported allegations” of Mr. Goldman’s petition in support of its motion, without offering sworn deposition testimony or affidavits substantiating those allegations. Mr. Goldman further alleges that there have not been any depositions, sworn testimony or affidavits regarding the incident and that Founders has failed to develop facts supporting the allegations of his petition.
Contrary to Mr. Goldman’s assertions, the record not only shows that the deposition of Mr. Goldman himself was conducted in this matter, but it also shows that Founders submitted Mr. Goldman’s deposition testimony regarding his account of the alleged attack in support of its motion for summary judgment. Furthermore, Mr. Goldman seemingly urges this Court to find that Founders’ reliance upon the allegations of Mr. Goldman’s petition in support of its motion was improper by referring to his own allegations as “incorrect and wholly unsupported.”
| inThe proper inquiry in a question involving insurance coverage is whether, assuming the truth of plaintiffs allegations, coverage is excluded under the assault and battery exclusion. Beck v. Bur-gueno, supra at 410. While it is true that whether the alleged attack occurred is in dispute, that issue is not material to the determination of whether coverage is afforded under the policy at issue. Rather, that issue concerns the possible liability of the defendants.
When applied to the instant case, the allegations of Mr. Goldman’s petition provide that he was “viciously attacked” by two employees of Club Eden while attempting to leave the premises, which re- *383 suited in “serious and grave bodily injuries.” The Louisiana Supreme Court has defined a battery as “a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such contact.” Caudle v. Betts, 512 So.2d 389, 391 (La.1987). “It is not necessary for the act to intend to inflict actual damage, rather, it is ‘sufficient if the actor intends to inflict either a harmful or offensive contact without the other’s consent.’ ” Mattingly, 720 So.2d at 1230 (citing Cau-dle, 512 So.2d at 391).
Founders provided both CGL and liquor liability coverage to its insured, Club Eden, for certain damages arising from “bodily injury” or “property damage.” The CGL coverage and the liquor liability coverage both contain assault and battery exclusions that preclude coverage for injury arising from assault and/or battery committed by the insured, employees of the insured, or anyone else. The exclusions also specifically exclude coverage for any claims of failure to suppress assault and/or battery; the selling, serving or furnishing of alcohol which results in an assault and/or battery; and negligent employment, investigation, supervision, reporting or failure to report, or retention which results in an assault and/or battery. The exclusionary clauses are clear and unambiguous.
In Assuming that the allegations of Mr. Goldman’s petition are true, we find that the act of Club Eden’s employees “viciously” attacking Mr. Goldman constitutes a battery, and is, therefore, excluded by the assault and battery exclusions of the Founders policy. This is so because even though there may be some dispute as to whether an actual attack occurred, there is no dispute that if an injury occurred it resulted from an assault and battery, which is excluded from coverage under the assault and battery exclusions of the Founders policy. Therefore, this assignment of error is without merit and does not preclude the grant of summary judgment in favor of Founders. For the same reasons, we also find no merit in Mr. Goldman’s claim that the defendants’ denial of the allegations in the petition creates a genuine issue of material fact for purposes of Founders’ motion for summary judgment.
Additionally, Mr. Goldman also argues that the trial court’s grant of summary judgment was inappropriate because the cases cited by Founders in support of its motion for summary judgment do not involve patron/employee fights or responde-at superior. This argument, while inaccurate, does not merit consideration in light of the clear language contained within the assault and battery exclusions, which excludes coverage for assaults and/or batteries committed by an “insured” or any “employee” of an insured. Therefore, whether the attack occurred between two patrons or one patron and one employee is of no consequence for purposes of the applicability of the assault and battery exclusions at issue.
Similarly, Mr. Goldman’s claim that the assault and battery exclusions of the Founders policy are somehow inapplicable due to the fact that the managers of Club Eden are named insureds under the policy, is also without merit. The assault and battery exclusions at issue clearly provide that an assault or battery committed by “any insured” is not covered under the policy.

112Insurer’s Duty to Defend

The insurer’s obligation to defend suits against its insured is generally broader than its liability for damage claims. Steptore v. Masco Const. Co., 93-2064 (La.8/18/94), 643 So.2d 1213. This duty to defend is determined by the allegations of the plaintiffs’ petition, with the insurer being obligated to furnish a defense unless the petition unambiguously *384 excludes coverage. Id. Thus, if, assuming all the fact allegations of the petition to be true, there would be both (1) coverage under the policy, and (2) liability to the plaintiffs, the insurer must defend the insured regardless of the outcome of the suit or the eventual determination of actual coverage. Beck, 996 So.2d at 411.
Because we have determined that Mr. Goldman’s allegations, even if true, are excluded from coverage under the assault and battery exclusions, we conclude that Founders has no duty to defend any defendant against the claims asserted in Mr. Goldman’s petition.
CONCLUSION
Because there are no genuine issues of material fact as to whether the Founders policy provides coverage to any defendant herein for any of the claims asserted by Mr. Goldman, or to whether Founders has any obligation under the policy to provide a defense to any defendant herein for any of the claims asserted by Mr. Goldman, we find that the trial court properly granted summary judgment in Founders’ favor. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED