ROBERT M. MURPHY, Judge.
12Plaintiffs-appellants, George and Dolores Thomas, appeal the trial court’s judgment granting summary judgment in favor of defendant-appellee, Alea London, Ltd., which held that plaintiffs’ claims are excluded under the assault and battery exclusion contained in the Alea insurance policy at issue. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On January 12, 2002, Steve Thomas, a patron at the Platinum Club, LLC located in Harvey, Louisiana, was shot and killed by Corey Miller, an entertainer performing at the club that evening. Miller was subsequently convicted of second degree murder and sentenced to life imprisonment. On March 4, 2002, the parents of Steve Thomas, George and Dolores Thomas, filed a petition for damages arising out of the death of their son against several defendants, including Corey Miller and the *493 Platinum Club. In their petition, plaintiffs alleged that the death of their son was directly and proximately caused by the following acts and omissions of the Platinum Club: (1) allowing Thomas, who was 16 years old at the time, to enter jsand remain in the club; (2) permitting Miller to bring a firearm into the club and discharge it; (3) failing to provide a safe environment for patrons by failing to monitor and prevent the introduction into, and use of firearms in the club; and (4) other acts and omissions which will be shown at trial.
On April 30, 2003, plaintiffs supplemented their petition to add as an additional defendant the commercial general liability insurer of Platinum Club, Alea London, Ltd., appellee herein. On May 28, 2013, Alea filed a motion for summary judgment seeking to dismiss plaintiffs’ claims against Alea, based upon the “assault and battery” exclusion of its insurance policy provided to the Platinum Club. The trial court held a hearing on the motion for summary judgment on July 16, 2013, wherein the trial court granted summary judgment in favor of Alea. On July 24, 2013, the trial court issued a judgment granting Alea’s motion for summary judgment, finding that plaintiffs’ claims were excluded under the assault and battery exclusion contained in Alea’s insurance policy. Plaintiffs now appeal.
STANDARD OF REVIEW
Louisiana Code of Civil Procedure Article 966 provides that a motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law.” It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Garrison v. Tanenbaum, 02-1181 (La.App. 5 Cir. 4/8/03), 846 So.2d 40, 42; (citing Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750). Therefore, this Court must |4consider whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Id.
LAW AND DISCUSSION
In their sole assignment of error, plaintiffs contend that the trial court erred in finding that there were no genuine issues of material fact that preclude summary judgment in favor of Alea. Specifically, plaintiffs allege that summary judgment was inappropriate in this case because the assault and battery exclusion is vague and ambiguous for the following reasons: (1) the two paragraphs of the assault and battery exclusion must be read conjunc-tively; (2) even if the two paragraphs are not read conjunctively, the assault and battery exclusion does not apply because (a) under the first paragraph, the exclusion does not apply to an assault and battery committed by a patron of the insured; and (b) under the second paragraph, the exclusion only applies to claims of negligent hiring, retention, supervision or control of the insured’s employees.
As an initial matter, we note that after reviewing the record, we have found nothing in the record to show that plaintiffs have previously raised the issue regarding a conjunctive reading of the two paragraphs of the assault and battery exclusion, so that the trial court would have been able to consider the issue, prior to ruling. We do not consider contentions raised for the first time on appeal which *494 were not pleaded in the court below and which the trial court has not addressed. Brown v. Almanza, 12-165 (La.App. 5 Cir. 10/16/12), 102 So.3d 981, 983; Dean v. Southmark Const., 03-1051 (La.7/6/04), 879 So.2d 112. Accordingly, we decline to consider plaintiffs’ argument that the trial court erred in failing to interpret the two paragraphs of the exclusion conjunctively. However, as shown by our analysis below, we have reviewed both paragraphs of the assault and battery exclusion, and determined that plaintiffs’ claims are excluded under both paragraphs of the policy.
|jjA dispute as to the issue of whether, as a matter of law, the language of an insurance policy provides coverage to a party, can be properly resolved within the context of a motion for summary judgment. Domingue v. Reliance Ins. Co., 619 So.2d 1220, 1223 (La.App. 3rd Cir.1993). An insurer seeking to avoid coverage through summary judgment bears the burden of proving the applicability of an exclusion within a policy. Doeir v. Mobil Oil Corp., 00-0947 (La.12/19/00), 774 So.2d 119, 124, modified on other grounds on reh’g, 00-0947 (La.3/16/01), 782 So.2d 573. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Beck v. Burgueno, 43,557 (La.App. 2 Cir. 9/17/08), 996 So.2d 404, 409.
An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. Mattingly v. Sportsline, Inc., 98-230 (La.App. 5 Cir. 10/28/98), 720 So.2d 1227, 1229, writ denied, 98-2938 (La.1/29/99), 736 So.2d 830; Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166. The extent of coverage is determined by the parties’ intent, as reflected by the words of the policy. Id. Unless the words of the policy have acquired a technical meaning, the words used in the policy will be construed using their plain, ordinary and generally prevailing meaning. La. C.C. art. 2947; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94); 630 So.2d 759. The agreement must be enforced as written if the policy wording at issue is clear and expresses the intent of the parties. Ledbetter, supra; Pareti v. Sentry Indem. Co., 536 So.2d 417 (La. 1988).
An insurance company may limit coverage in any manner, as long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properiies, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. The exclusionary provisions of an insurance contract are strictly construed against the insurer, and any ambiguity in the exclusion is construed in favor of the insured. Garcia v. St. Bernard Parish Sch. Bd., 576 So.2d 975 (La.1991).
In the instant case, plaintiffs contend that the trial court erred in granting summary judgment because the exclusion at issue is ambiguous in that it does not specifically exclude an assault and battery committed by a patron. In support of this argument, plaintiffs emphasize that the cases relied upon by Alea involve assault and battery exclusions which include the word “patrons” within the exclusionary language. The assault and battery exclusion of the Alea policy provides as follows:
Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of:
1) Assault and battery, whether caused by or at the instruction of, *495 or at the direction of, or negligence of the insured, or his employees; and
2) Allegations that the insured’s negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to or accounted for the assault and battery.
(Emphasis added).
The proper inquiry in a question involving insurance coverage is whether, assuming the truth of plaintiffs allegations, coverage is excluded under the assault and battery exclusion. Beck, supra at 410. Here, plaintiffs have alleged that the Platinum Club caused the death of their son (1) by allowing their 16 year old son to enter and remain in the club; (2) by permitting Miller to bring a firearm into the club and discharge it; and (3) by failing to provide a safe environment for patrons by failing to monitor and prevent the introduction into, and use of firearms in the club.
|7The first paragraph of the exclusion provides that “this policy excludes claims arising out of: assault and battery, whether caused by or at the instruction of, or at the direction of, or negligence of the insured, or his employees ...” (emphasis added). The Louisiana Supreme Court has defined a battery as “a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such contact.” Caudle v. Betts, 512 So.2d 389, 391 (La.1987).
Assuming that the allegations of plaintiffs’ petition are true, we find that the act of Miller shooting and killing Thomas with a firearm constitutes a battery under Cau-dle, supra. Under a plain reading of the assault and battery exclusion in the Alea policy, we find that it clearly excludes plaintiffs’ claims asserted against the Platinum Club, as they are all claims that arise out of the battery inflicted upon their son.
Moreover, the assault and battery exclusion specifically excludes claims arising out of an assault and battery caused by “the negligence of the insured.” Plaintiffs have clearly alleged that the battery inflicted upon their son was caused by the negligence of Alea’s insured, the Platinum Club, based upon the Platinum Club’s alleged negligent acts of admitting their minor son into the club, permitting Miller to bring a firearm into the club, and failing to monitor and prevent a firearm from being used in the club. All of these claims not only sound in negligence, but they also arise out of the battery inflicted upon Thomas, and therefore, are excluded from coverage under the first paragraph of the Alea policy, which clearly provides that coverage for all claims arising out of an assault and battery are excluded.
The fact that the exclusion goes one step further to list various examples of negligence, does nothing to alter the fact that all claims arising out of assaults and | ^batteries are excluded under the policy. In Ledbetter v. Concord Gen. Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, 1170 (citing United Nat’l Ins. Co. v. Waterfront New York Realty Corp., 994 F.2d 105, 108 (2nd Cir.1993)), the Louisiana Supreme Court held as follows:
While it is true that ambiguities are often construed against insurers, a clause may be general without being ambiguous, and even a vague clause may be ambiguous only at its edges. It is neither possible nor desirable for an insurance contract to enumerate the various kinds and degrees of attacks encompassed by the assault and battery exclusion. The clause need not mention rape or strangulation or mayhem, or other greater or lesser invasions of the *496 person; all are subsumed in the broad language employed.
(Emphasis added.)
Therefore, we find that regardless of whether the battery in this case was committed by a patron, employee, or any other individual, is of no consequence under the terms of the assault and battery exclusion contained in the Alea policy. The exclusion clearly denies coverage for any claims arising out of all assaults and batteries, irrespective of who made or allowed the harmful or offensive contact. The exclusionary clause is clear and unambiguous. Because “[a] clear and unambiguous provision in the insurance contract limiting liability must be given effect, we find this assignment of error to be without merit.” See Ledbetter, supra at 1170.
Similarly, plaintiffs’ claim that the second paragraph of the assault and battery exclusion of the Alea policy is inapplicable due to the fact that they have not asserted a claim directed at the Platinum Club’s negligence “in connection with the hiring, retention, supervision or control of employees” is also without merit. The second paragraph of the assault and battery exclusion contained in the Alea policy provides that it excludes “claims arising out of allegations that the insured’s acts, errors or omissions in connection with the hiring, retention, supervision, or | 9control of employees ... caused, contributed to or related to or accounted for the assault and battery.” (emphasis added). In their petition, plaintiffs allege that the Platinum Club failed to properly monitor and supervise its establishment such that Miller was permitted to enter the club while carrying a firearm, which he subsequently used to kill Thomas while inside the club. We find that such claims are clearly excluded under the second paragraph of the assault and battery exclusion, as they are claims alleging that the insured’s negligent supervision and control of its employees caused or contributed to the battery inflicted upon their son. Therefore, we find this assignment of error to be without merit.
After reviewing the record de novo, we find that there is no reasonable interpretation of the Alea policy, when applied to the undisputed material facts, under which coverage could be afforded. See Beck, supra. Therefore, we find that the trial court properly granted summary judgment in favor of Alea, as there are no genuine issues of material fact as to whether the assault and battery exclusion contained in the Alea policy excludes coverage for plaintiffs’ claims against Alea.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Alea is affirmed.

AFFIRMED.