BRYAN THAYER

VERSUS

ANDREW NIERMAN AND AMICA MUTUAL
INSURANCE COMPANY

NO. 24-C-311

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

August 14, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** AMICA MUTUAL INSURANCE COMPANY

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 827-731

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Amanda L. Calogero, Pro Tempore

**WRIT DENIED**

Relator, Amica Mutual Insurance Company ("Amica"), seeks supervisory review of the trial court's denial of its motion for summary judgment. For the following reasons, this writ application is denied.

After an opportunity for adequate discovery, the court shall grant a motion for summary judgment if the motion, memorandum, and supporting documents show no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). An insurer seeking to avoid coverage through summary judgment bears the burden of proving the applicability of an exclusion within a policy. *Doerr v. Mobil Oil Corp.*, 00-947 (La. 12/19/00), 774 So.2d 119, 124, *modified on other grounds on reh'g*, 00-947 (La. 3/16/01), 782 So.2d 573. A court cannot grant a summary judgment motion and declare a lack of coverage under an insurance policy unless there is no reasonable interpretation of the policy when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Beck v. Burgueno*, 43,557 (La. App. 2 Cir. 9/17/08), 996 So.2d 404, 409. Insurance contract exclusionary provisions are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. *Herzog Contracting*, 40,342 (La. App. 2 Cir. 12/16/05), 918 So.2d 516, *writ denied*, 06-154 (La. 4/24/06), 926 So.2d 542. Appellate courts review summary judgments *de novo* using the same criteria trial courts apply to determine whether summary judgment is appropriate. *Pizani v. Progressive Ins. Co.*, 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087.

24-C-311

After a *de novo* review of the writ application and the opposition, we find no error in the denial of the motion for summary judgment. We find that genuine issues of material fact exist as to Andrew Nierman's intentions on the night of the incident, considering that he was intoxicated, and as to whether Mr. Nierman bit Bryan Thayer's nose off in self-defense. Mr. Nierman's deposition testimony showed that at the time he hit Mr. Thayer, he had been drinking alcohol for many hours and was intoxicated. It also showed that at some point after Mr. Nierman arrived at City Bar, he was assaulted and punched in the face with force enough to cause his eye to bleed and which knocked him to the ground. In his affidavit, Mr. Nierman confirmed that he was intoxicated, had recently been attacked by an unknown assailant, was suffering from a head injury due to that attack, was not in a normal state of mind due to his head injury and intoxication, believed he was acting in self-defense, made a knee-jerk reaction without time to consider the consequences, did not consciously desire the alleged injuries sustained by Mr. Thayer, and did not know the alleged injuries were substantially certain to follow his actions.

We also find that there are genuine issues of material fact as to the actual policy language Amica is relying upon to deny coverage to Mr. Nierman, since Amica has produced more than one policy.

Based on a review of the insurance policy and the pleadings herein, we cannot find that the policy unambiguously excludes coverage for this incident as a matter of law. Accordingly, on the showing made, this writ application is denied.

Gretna, Louisiana, this 14th day of August, 2024.

**ALC**
**SJW**
**JJM**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/14/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-311**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Joseph S. Piacun (Respondent)          Sean P. Mount (Relator)
Bryce M. Addison (Relator)

### MAILED

Max M. Chotto (Respondent)             Christopher P. Lawler (Respondent)
Attorney at Law                        Attorney at Law
1132 Derbigny Street                   2701 Metairie Road
Gretna, LA 70053                       Metairie, LA 70001