12D ALE Y, Judge.
This lawsuit stems from an incident involving plaintiff, Brandon Mattingly, and David Burandt, an employee of Sportline, Inc., d/b/a/ Sluggo’s. The issue presented in this case is whether the Commercial General Liability Policy issued to Sportsline, Inc. by the defendant, St. Paul Reinsurance Company, Ltd., affords coverage for the injuries sustained by plaintiff.

Facts and Procedural History:

During the early morning hours of August 16, 1995, a fight broke out in the parking lot of Sluggo’s, a bar located in Metairie, Louisiana. At the time of the fight, Mr. Mattingly was a patron at the bar and Mr. Burandt was a bouncer employed by Sluggo’s. When the fight erupted, both Mr. Mattingly and Mr. Burandt went into the parking lot. As the fight was in progress, an unidentified individual approached Mr. ^Mattingly in a manner Mr. Mattingly perceived to be threatening. Acting in apparent self-defense, Mr. Mattingly struck this unidentified male. Mr. Mat-tingly was then apprehended by Mr. Burandt (the bouncer), who forced Mr. Mattingly to the ground, and held Mr. Mattingly until he was arrested by police.
Mr. Mattingly filed suit against Sportsline, Inc., d/b/a Sluggo’s and Mr. Burandt, alleging that he sustained a separated shoulder when he was forced to the ground by Mr. Burandt. Plaintiff then amended the suit to include St. Paul Reinsurance Company, Ltd., which issued a policy of Commercial General Liability Insurance to Sportsline, Inc. St. Paul Reinsurance Company, Ltd. answered with a general denial, then filed a Motion for Summary Judgment, claiming the incident which occurred between Mr. Mattingly and Mr. Burandt was excluded by the Assault and Battery Exclusion of the policy.
The trial judge denied the defendant’s Motion for Summary Judgment, holding that the exclusion was “vague and overbroad” and that there was a question of fact as to whether the incident complained of was a battery. The defendant’s Writ Application to this Court was denied. The defendant’s Application for Supervisory Writs to the Louisiana Supreme Court was granted and the Supreme Court remanded this matter back to this Court for briefing and opinion.

Discussion:

Louisiana Code of Civil Procedure Article 966 provides that a Motion for Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Reversing decades of jurisprudence which firmly established that ^“summary judgments were not favored”, in 1996 the legislature amended Paragraph A.(2) of Article 966 to state:
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends.
C.C.P. art. 966 A.(2).
In 1997, the legislature made additional amendments to Article 966 by adding subsection C.(2):
C. (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support *1229 for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
C.C.P. art. 966 C.(2).
In this matter plaintiff has the burden of producing factual support sufficient to establish he will be able to satisfy his evidentiary burden of proof at trial. Plaintiff argues that the insurance contract language is ambiguous and, therefore, coverage should be applicable.
It is well settled in our jurisprudence that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Rapp v. City of New Orleans, 95-1638 (La.App. 4th Cir. 9/18/96), 681 So.2d 433.
IsAn insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166. The extent of coverage is determined by the parties’ intent, as reflected by the words of the policy. Id. Unless the words of the policy have acquired a technical meaning, the words used in the policy will be construed using their plain, ordinary and generally prevailing meaning. La. Civ.Code art. 2947; Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759. The agreement must be enforced as written if the policy wording at issue is clear and expresses the intent of the parties. Ledbetter, supra; Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La.1988).
An insurance company may limit coverage in any manner, as long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. The exclusionary provisions of an insurance contract are strictly construed against the insurer, and any ambiguity in the exclusion is construed in favor of the insured. Garcia v. St. Bernard Parish School Board, 576 So.2d 975 (La.1991). It must be noted, however, that the rule of strict construction does not “authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists.” Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72 (1939). Using these principles, we will now examine the policy in question.
The assault and battery exclusion which is part of the endorsement to the St. Paul Commercial General Liability Policy reads:
This endorsement modifies such insurance as is afforded by the provisions of the policy as follows:
# Jjs *

\ (Assault and Battery/Negligent Hiring Exclusion

Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of:
11) Assault and Battery, whether caused by or at the instruction of, or at the direction of, or negligence of the insured, his employees, patrons, or any other causes whatsoever and;
12) Allegations that the insured’s negligent acts, errors, and omissions in connection with the hiring, retention, supervision and control of employees, agents, or representatives caused, contributed to, related to or accounted for the assault and battery.
In support of their argument that this incident is excluded, St. Paul cites the deposition testimony of plaintiff in which plaintiff stated that Mr. Burandt grabbed plaintiff in a bear hug, and flung him to the ground by turning his weight and falling to the ground with plaintiff beneath him. St. Paul also cites testimony of plaintiff stating that he was pinned down by Mr. Burandt and punched in the face. St. Paul contends that it is uncontested that Mr. Burandt intended to make physical contact with plaintiff and it is irrelevant whether there was any intent to cause harm to plaintiff.
In response, plaintiff argues first that the above exclusion is ambiguous, since the *1230 term battery is not defined in the policy. However, our Supreme Court has defined battery a§ “a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such contact.” Caudle v. Betts, 512 So.2d 389 at 391 (La.1987). It is not necessary for the act to intend to inflict actual damage, rather, it is “sufficient if the actor intends to inflict either a harmful or offensive contact without the other’s consent.” Id at 391. Accordingly, we find that Mr. Burandt’s act of apprehending Mr. Mattingly, bringing him to the ground and holding him until the arrival of police constitutes a battery, and is, therefore, excluded by the assault and battery exclusion of the policy.
^Plaintiff also argues that there is coverage for this incident under the intended harm exclusion found in the body of the policy, which states:
This insurance does not apply to:
a. “Bodily injury” or “property damage” expected or intended from the standpoint of the insured. This exclusion does not apply to “bodily injury” resulting from the use of reasonable force to protect persons or property.
If an endorsement is attached to the insurance policy and the policy and endorsement are parts of the same contract, the endorsement becomes part of the contract, and the two must be construed together. Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La.App. 2nd Cir.1982). If there is a conflict between the endorsement and the policy, the endorsement must prevail. Id. Thus, we find no merit to this argument.
For the reasons assigned, this writ is granted, the judgment of the trial court is set aside and judgment is entered granting defendant’s Motion for Summary Judgment. Matter remanded for further proceedings in accordance with this opinion.
WRIT GRANTED; MOTION FOR SUMMARY JUDGMENT GRANTED AND REMANDED.