FREDERICKA HOMBERG WICKER, Judge.
lsOn December 28, 2011, the trial court granted-in-part and denied-in-part cross-motions for summary judgment filed by Ray Brandt Infiniti of Metairie, LLC (“Ray Brandt”) and Tokio Marine & Nichi-do Fire Insurance Co. Ltd (“Tokio Marine”). Ray Brandt, Tokio Marine, and together, National Union Fire Insurance Company and New Hampshire Insurance company, each appealed assigning various errors of the trial court. In each of these assignments, appellants argue either that the trial court erred in its determination of Ray Brandt’s coverage under Tokio Marine’s commercial auto policy, or that the trial court erred in its determination of Ray Brandt’s coverage under Tokio Marine’s commercial umbrella policy. For the following reasons, we find that the trial court erred both |4when it determined that Ray Brandt was only covered to the mandatory mínimums of the Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:900, under Tokio Marine’s commercial auto policy numbered CA6401849-00, and when it determined that Ray Brandt was not covered under Tokio Marine’s commercial umbrella policy numbered CU6402014-00. We find that both policies afforded Ray Brandt coverage.

FACTS AND PROCEDURAL HISTORY

Plaintiffs, Monica Gange and Ramir Bioc, individually and on behalf of their minor child, Celeste Bioc, filed suit for injuries sustained to their daughter on December 8, 2010, when a vehicle driven by defendant, Eslam Hamed, crashed into the wall of a school building. At the time of the accident, Ms. Hamed was driving a loaner vehicle issued to her through the Infiniti loaner car program (while Ray Brandt repaired her personal vehicle). Plaintiffs filed suit against: Ms. Hamed; her insurer, State Farm Mutual Automobile Insurance Company; Ray Brandt; Ray Brandt’s insurers, New Hampshire Insurance Company and National Union Fire Insurance Company; and the loaner vehicle’s insurer, Tokio Marine. The allegations against Ray Brandt are that its employees reversed the vehicle’s floor mats to ensure that they would not become soiled during Ms. Hamed’s use. Plaintiffs allege that Ray Brandt’s actions caused the accident because its employees flipped the loaner Infiniti vehicle’s floor mats to protect their cleanliness prior to lending the vehicle to Ms. Hamed, and that this action allowed the floor mat to bunch under the accelerator and prevented Ms. Hamed from applying the brake.
During the relevant time, Ray Brandt was insured through its commercial general liability insurer, New Hampshire Insurance Company, and its umbrella policy insurer, National Union Fire Insurance Company. Tokio Marine insured the 1 r,vehicle issued through the Infiniti loaner program and also insured Ms. Hamed as the driver of the loaner vehicle. The parties dispute whether Tokio Marine also insures Ray Brandt as a participant in the Infiniti loaner program.
Ray Brandt and Tokio Marine filed cross-motions for summary judgment on the issue of Ray Brandt’s coverage. Tokio Marine denies that it provides any coverage whatsoever to Ray Brandt. Ray Brandt however asserts that the Tokio Marine policies additionally insured it for its alleged actions in preparing the loaner vehicle for Ms. Hamed’s use.
Infiniti required Ray Brandt and all other Infiniti dealers to participate in its service loaner car program at issue here, and *39 to lease Infiniti brand vehicles from Infini-ti Financial Services (“IFS”) to populate the loaner car program. IFS required the dealers to insure these loaner vehicles through Tokio Marine through a nationwide insurance program.
As required as a participant in the Infin-iti loaner car program, Ray Brandt paid insurance premiums for the Tokio Marine commercial auto insurance coverage of the vehicles it used in the program. In a sworn affidavit submitted in support of Ray Brandt’s motion for summary judgment, Mr. Raymond J. Brandt stated that in 2010, Ray Brandt had, on average, fifty-one vehicles in the loaner car program each month. Mr. Brandt further swore that Ray Brandt paid $27.09 per vehicle, per month, to insure these vehicles, for an average monthly cost of $1,383.85, and a total cost that year of $16,606.17. Ray Brandt argued in its motion for summary judgment that, given the allegations and the evidence, it was entitled to defense and indemnity by Tokio Marine for the liability asserted by plaintiffs.
Tokio Marine contends here, as it did before the trial court, that Ray Brandt is not a named insured under either its commercial auto or umbrella policy, and [ fithat Ray Brandt was not “using” the vehicle as a permissive user at the time of the accident. Tokio Marine further argues that even if Ray Brandt was “using” the vehicle as part of its service and repair business, that use was specifically excluded from policy coverage under both the commercial liability and umbrella policies.
On December 28, 2011, the trial court granted-in-part and denied-in-part each motion. The trial court did not find that Ray Brandt was a named insured on the commercial auto policy pursuant to either its “Schedule of Named Insureds”, or its March 31, 2010 endorsement which added, “All authorized Infiniti dealers with respect to their interest in all loaner vehicles” to the extent those dealers qualified under the “Who Is An Insured” provision paragraph “a. You for any covered ‘auto’.” Rather, the trial court found that Ray Brandt’s alleged mat flipping rendered it a “Permissive User” as defined in the “Who Is An Insured” provision, paragraph “b.” Having found Ray Brandt to be a paragraph “b” permissive user, the trial court found that Ray Brandt’s use was in the business of servicing and repairing a vehicle, and therefore Ray Brandt’s coverage was limited in the commercial auto policy, pursuant to the Louisiana Endorsement, to the minimum financial requirements of La. R.S. 32:900. The trial court also found that Ray Brandt was excluded entirely from the umbrella policy coverage by the “Who Is An Insured” provision of “b(3).”
The trial court designated its judgment as final and the appellants have lodged this appeal to determine coverage issues under the Tokio Marine policies.

DISCUSSION

Several parties to this matter appealed, each assigning various errors. For simplicity, we will first address whether Ray Brandt was covered under Tokio Marine’s commercial auto policy. We will then address whether Ray Brandt was insured under Tokio |7Marine’s commercial umbrella policy.[1]
Appellate courts review summary judgments on a de novo basis under the *40 same criteria governing the trial court’s consideration of whether a summary judgment is appropriate. The motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute which can be resolved properly within the framework of a motion for summary judgment. Smith v. Lyons, 12-799 (La.App. 3 Cir. 12/28/12), 2012 WL 6720552 (citing Johnson v. Allstate Ins. Co., 95-1953 (La.App. 1 Cir. 5/10/96), 673 So.2d 345, 347, writ denied, 96-1292 (La.6/28/96), 675 So.2d 1126).

Commercial Auto Policy Coverage

On the question of whether Ray Brandt was insured under the commercial auto policy issued by Tokio Marine, for its employees’ alleged flipping of the mat, we must first look to the policy language itself.
An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. Id. (citing Central Louisiana Electric Co. v. Westinghouse, 579 So.2d 981 (La.1991)). However, any ambiguous provisions in an insurance contract must be construed in favor of | ^coverage to the insured and against the insurer who issued the policy. Id. (citing Breland v. Schilling, 550 So.2d 609 (La.1989)).
The commercial auto policy lists as its named insured “Infiniti Financial Services” and other entities, not including Ray Brandt.[2] An endorsement to the policy states however, in relevant part, that:
This endorsement changes the policy.
[[Image here]]
This endorsement identifies person(s) or organizations(s) who are “insureds” under the Who Is An Insured provision of the coverage form. This endorsement does not alter coverage provided in the coverage form.
[[Image here]]
Schedule
Name of person(s) or organizations(s): All authorized Infiniti dealers with respect to their interest in all loaner vehicles.
* * *
Each person or organization shown in the schedule is an “insured” for liability coverage, but only to the extent that person or organization qualifies as an “insured” under the Who Is An Insured provision contained in section II of the coverage from.

(Emphasis in original).

This endorsement clearly adds coverage for “authorized Infiniti dealers with respect to their interest in all loaner vehicles.” Here, Ray Brandt was such a dealer.[3]
*41 This endorsement however clearly states that such added coverage was “only to the extent that person or organization qualifies as an ‘insured’ under the Who Is An Insured provision.” Therefore, to determine the extent of coverage provided to Ray Brandt by this endorsement, we must determine the extent to |3which Ray Brandt qualifies as an insured under the policy’s “Who Is An Insured provision.” In relevant part, this provision states,
The following are “insureds”:
a. You for any covered “auto”.
b. Anyone else while using with your permission a covered “auto” you own, hire or borrow except:
[[Image here]]
(3) Someone using a covered “auto” while he or she is working in a business of selling, servicing, repairing, parking or storing “autos” unless that business is yours.
This provision sets out two classes of entities which are covered by the endorsement; “a. You for any covered ‘auto’ ” and, subject to enumerated exclusions, “b. Anyone else while using with your permission a covered ‘auto.’ ”
Under the plain reading of these words alone, Ray Brandt qualified as the “you” that was covered to the extent of “any covered ‘auto’.” These words however, cannot be read in isolation. Certain appellants argue that, as it is used in the rest of the policy, the term “you” refers to the named insured, not Ray Brandt, who was added by the above quoted endorsement. They contend that to include Ray Brandt in the term “you” would be to not interpret the policy as a whole.
If an endorsement is attached to an insurance policy, and the policy and endorsement are parts of the same contract, the endorsement becomes part of the contract, and the two must be construed together. Mattingly v. Sportsline, Inc., 98-230 (La.App. 5 Cir. 10/28/98), 720 So.2d 1227, 1230, writ denied, 98-2938 (La.1/29/99), 736 So.2d 830 (citing Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La.App. 2nd Cir.1982)). If there is a conflict between the endorsement and the policy, the endorsement must prevail. Id. An insurance contract is construed as a whole and each provision in the policy must be interpreted in light of the other provisions so that each is given meaning. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1029 (citing La. C.C. art. 2050; Central La. Elec. Co. v. Westinghouse Elec. Corp., supra). One portion of the policy should not be construed separately at the expense of disregarding other provisions. Id.
Under these principles, we find that this endorsement would have provided no coverage to Ray Brandt if we were to construe Ray Brandt to be within the section “b” class of “anyone else” and not within the section “a” class of “you.” Classifying Ray Brandt as “anyone else” in section “b” would subject Ray Brandt to the paragraph “b(3)” exclusion of permissive users if they are “working in a business of selling, servicing, repairing, parking or storing ‘autos’.” (emphasis added). Because Ray Brandt’s business is essentially, “selling, servicing, repairing, parking, or storing ‘autos’,” the paragraph “b(3)” exclusion would totally exclude coverage for Ray Brandt when it worked in its own business.[4] Such a finding would *42 render meaningless the endorsement’s words providing coverage to Infiniti dealers such as Ray Brandt.
Further, we find that this policy is at least ambiguous as to whether Ray Brandt was included within the class of “you” in the “Who Is An Insured” provision because of the policy’s “Business Auto Coverage Form.” This coverage form, defines the words “you” and “your” as they are used in the “Who Is An Insured” provision and are referred to throughout the policy as “the Named Insured shown in the Declarations.” That referenced declarations page however, in relevant part, states that the named insureds are:
ITEM ONE
Named Insured
INFINITI FINANCIAL SERVICES, A
(SEE NAMED INSURED ENDT)
| nNo part of the declarations page indicates whether “NAMED INSURED ENDT” refers to the policy’s “Schedule of Named Insured” amendment, the policy’s endorsement providing an extent of coverage for Infiniti dealers such as Ray Brandt, or some combination of the two.
Because we will not read the words in the policy to be meaningless, and because we construe ambiguity in policies in favor of coverage, we find that Ray Brandt is provided coverage under the “Who Is An Insured” section “a. You for any covered ‘auto’.”
Because we find that Ray Brandt is provided coverage by the endorsement to the policy because Ray Brandt is within the “Who Is An Insured” section “a. You for any covered ‘auto,’ ” other arguments of appellants are moot.[5] Therefore, we find that the trial court erred in determining that Ray Brandt was only covered to the limits of La. R.S. 32:900. We hold instead that Ray Brandt, to the extent that its liability arises from a covered auto, was an “insured” under Tokio Marine’s commercial auto policy.

Umbrella Policy

On the next question of whether Ray Brandt is afforded coverage under Tokio Marine’s commercial umbrella policy, we must again start with the clear and unambiguous language of the policy. See Smith v. Matthews, supra. Tokio Marine’s commercial umbrella policy, in relevant part, provides that to:
[a]ny additional insured under any policy of “underlying insurance” will automatically be an ‘insured’ under this insurance. If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance required by the contract, less any amounts payable by any “underlying insurance”.
112This umbrella policy includes the above discussed commercial auto policy as an underlying insurance policy. This umbrella policy does not however define its use of the term “additional insured.” Here, we find that Ray Brandt, by virtue *43 of the underlying commercial auto policy’s endorsement, is an “additional insured” covered by Tokio Marine’s umbrella policy.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and hold that, to the extent that Ray Brandt’s liability arises from a covered auto, Ray Brandt is an insured under Tokio Marine’s commercial auto policy. We also hold that, to the same extent, Ray Brandt is insured under Tokio Marine’s commercial umbrella policy. In light of our findings, we remand this case to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. While it does not appear from the record that either Union National or New Hampshire opposed Tokio Marine’s Motion for Summary Judgment in the trial court, thus creating a serious issue regarding their standing to appeal the trial court's judgment, this apparent failure does not impact our decision in this matter. Therefore, we will not address this issue.

. The policy contains a "Schedule of Named Insureds” amendment to the policy’s "the named insured on form IL9 05 003.” Although this amendment adds other named insureds, it does not specifically add Ray Brandt as a named insured.

. The first page of the “Business Auto Coverage Form Declarations” of the Tokio Marine policy supports the reading that the above quoted endorsement was meant to modify the "named insured” portion of the policy. In relevant part, that declarations page states, "ITEM ONE *41 Named Insured INFINITI FINANCIAL SERVICES, A (SEE NAMED INSURED ENDT)”

. Because we find that Ray Brandt is afforded coverage under the "You” provision of the Who Is An Insured section, the question of whether Ray Brandt was "using” the auto *42 when it performed the alleged negligent act of flipping the mat is moot.

. Certain appellants argue that this policy provides coverage in the event that a loaner car program customer takes one of the autos, incurs a loss, and turns out not to have insurance. This argument does not change the merits of our analysis however, because such a loss could not be incurred against Ray Brandt unless Ray Brandt used the vehicle in some way to be contributorily liable. Any such use however would occur while Ray Brandt was in its business, as described above, and therefore would be excluded from coverage.