MARC E. JOHNSON, Judge.
| gDefendant/Appellant, Government Employees Insurance Company (hereinafter referred to as “GEICO”), appeals the summary judgment in favor of Plaintiff/Appellee, Frank Lawler, regarding the insurance coverage of a replacement recreational vehicle from the 24th Judicial District Court, Division “J”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The following pertinent facts are not disputed by the parties.
On September 30, 2011, Mr. Lawler purchased a 2005 Wildwood Model 27RLSS recreational vehicle (hereinafter referred to as “Wildwood trailer”). GEICO issued policy number 4222-02-36-91 to Mr. Lawler for coverage of the Wildwood trailer, which was effective from August 22, 2011 through February 22, 2012. On October 30, 2011, Mr. Lawler traded the Wildwood trailer and purchased a 2006 Zeppelin Model 192 recreational vehicle (hereinafter referred to as “Zeppelin trailer”). The Zeppelin trailer was not added to the insurance policy. |3In a fire that occurred on November 7, 2011, the Zeppelin trailer was completely destroyed. Mr. Lawler filed an insurance claim with GEICO for the Zeppelin trailer; however, GEICO refused to issue a payment for the vehicle.
Mr. Lawler filed a “Petition for Damages” on November 2, 2012. In his petition, Mr. Lawler alleged that his replacement recreational vehicle covered under his policy with GEICO was totally destroyed by fire on November 7, 2011. He further alleged that he made an immediate demand on GEICO to make payment for the loss under the provisions of the insurance policy. In its “Answer to Petition for Damages and Request for Trial by Jury” filed on January 2, 2013, GEICO countered that it only provided coverage for the vehicle listed in the applicable policy, which was the Wildwood trailer. GEICO contended that because Mr. Lawler’s Zeppelin trailer was not described in the policy and because a premium charge was not shown for its coverage, there was no applicable coverage.
On March 1, 2013, Mr. Lawler filed a “Motion for Summary Judgment.” In the motion, Mr. Lawler sought partial summary judgment on the basis that his Zeppelin trailer was covered as an “Owned auto,” and he filed a claim with GEICO for the loss of his replacement recreational vehicle within the 30-day grace period provided in the policy. On May 10, 2013, GEICO filed an opposition to Mr. Lawler’s *986 motion and a cross-motion for summary judgment. GEICO argued the Zeppelin trailer was never added to the applicable policy; therefore, it was not a covered “Owned auto” under the policy.
The motions for summary judgment were heard on May 17, 2013. The trial court granted Mr. Lawler’s motion on the issue of insurance coverage and denied GEICO’s motion on May 28, 2013. In a joint motion to certify the judgment as final pursuant to La. C.C.P. art.1915 filed on June 12, 2013, the parties requested that the trial court designate the May 28, 2013 judgment as final and appealable |4because there was no just reason for delaying the matter for appeal. The joint motion was granted on the same date as the filing. The instant appeal followed.
ASSIGNMENT OF ERROR
On appeal, GEICO’s sole assignment of error is that the trial court committed a legal error in finding that the applicable policy provided coverage for the property damage of the Zeppelin trailer, an unlisted, non-described recreational vehicle.
LAW AND ANALYSIS
The summary judgment procedure is favored in Louisiana and is designed to secure the just, speedy and inexpensive determination of actions. Louisiana High School Athletics Ass’n, Inc. v. State, 12-1471 (La.1/29/13); 107 So.3d 583, 598, citing La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo, using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Moreno v. Entergy Corp., 12-0097 (La.12/4/12); 105 So.3d 40, 47, citing Greemon v. City of Bossier City, 10-2828 (La.7/1/11); 65 So.3d 1263. Thus, appellate courts must ask the same questions as the trial court as to whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Louisiana High School Athletics Ass’n, Inc., supra, citing Hood v. Cotter, 08-215 (La.12/2/08); 5 So.3d 819.
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). The party seeking summary judgment has the burden of proving there is no genuine issue of material fact. Louisiana High School Athletics Ass’n, Inc., supra. If the movant satisfies the initial burden, the burden shifts to the party opposing summary |-judgment to present factual support sufficient to show he will be able to satisfy the evidentiary burden at trial. Id.
In the case at bar, GEICO alleges the trial court erred in granting summary judgment in favor of Mr. Lawler because the plain language of the endorsement section of the policy directly and clearly alters the policy as it pertains to any “motor home or travel trailer” provision listed in the policy. GEICO argues that the clear intent of the endorsement is to provide a complete change in the definition of “Owned auto.” GEICO contends that only a strained interpretation of the word “amend” results in a morphing of the definition of “Owned auto,” such that it would comply with Mr. Lawler’s argument that his Zeppelin trailer was covered. GEICO further argues that if there is a conflict between the insurance contract and the endorsement, the endorsement prevails because it is a more specific provision that controls the general contract provisions. Lastly, GEICO argues there is no public policy provision that prohibits it from lim *987 iting its coverage to only listed vehicles in the policy.
Mr. Lawler avers the trial court was correct in granting his “Motion for Summary Judgment” because the policy contains multiple and inconsistent definitions of “Owned auto,” and the endorsement relied upon by GEICO adds to the ambiguity of the policy. Mr. Lawler maintains that the physical damage portion of the endorsement gives two definitions of the term “covered auto,” which creates an inherent ambiguity. Mr. Lawler further maintains that his Zeppelin trailer squarely fits into, at least, one of the definitions of a trailer set forth in the policy. Because there is ambiguity regarding coverage of the trailer in the policy, Mr. Lawler asserts that the ambiguity must be construed in favor of coverage for the Zeppelin trailer.
In Hill v. Shelter Mut. Ins. Co., 05-1783 (La.7/10/06); 935 So.2d 691, 693-694, reh. denied, (La. 9/1/06), the Louisiana Supreme Court provided the following procedure for interpreting insurance policies:
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent and the agreement must be enforced as written. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. The policy should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. If after apply the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued the policy and in favor of the insured.
[Internal citations omitted],
If an endorsement is attached to an insurance policy, and the policy and endorsement are parts of the same contract, the endorsement becomes part of the contract; and, the two must be construed together. Gauge v. Hamed, 12-510 (La.App. 5 Cir. 5/30/13); 118 So.3d 36, 41, writ denied, 13-2050 (La.11/15/13); 126 So.3d 472, citing Mattingly v. Sportsline, Inc., 98-230 (La.App. 5 Cir. 10/28/98); 720 So.2d 1227. If there is a conflict between the endorsement and the policy, the endorsement must prevail. Id.
Here, policy number 4222-02-36-91 provides the following, in pertinent part, under “DEFINITIONS” in Section I:
6. “Owned auto” means:
(a) a vehicle described in this policy for which a premium charge is shown for these coverages;
(b) a trailer owned by you;
(c) a private passenger, farm or utility auto which you obtain ownership of during the policy period or for which you enter into a lease for a term of six months or more during the policy period, if
(i) it replaces an owned auto as defined in (a) above, or
[ 7(ii) we insure all private passenger, farm and utility autos owned or leased by you on the date of the acquisition, and you ask us to add it to the policy no more than 30 days later;
(d) a temporary substitute auto.
[Emphasis in original].
*988 The policy later states in Section III for “Physical Damage Coverages” the following pertinent provisions:
8. “Owned auto” means:
(a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;
(b) a private passenger, farm or utility auto or a trailer which you obtain ownership of during the policy period or for which you enter into a lease for a term of six months or more during the policy period if
(i) it replaces an owned auto as described in (a) above, or
(ii) we insure all private passenger, farm, utility autos and trailers owned or leased by you on the date of such acquisition and you request us to add it to the policy within 30 days afterward;
(c) a temporary substitute auto.
9. “Trailer” means a trailer designed for use with a private passenger auto and not used as a home, office, store, display or passenger trailer.
[Emphasis in original].
In the “RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT” attached to the policy, the following pertinent information is provided under “DEFINITIONS” of “SECTION I-VACATION LIABILITY COVERAGE”:
The definitions in Section 1-Liability Coverages of the GEICO automobile insurance policy apply to this endorsement, except for the following definitions: owned auto, non-owned auto, trailer, private passenger auto and temporary substitute auto.
The definitions of owned auto, non-owned auto, and trailer are amended as follows:
Owned auto means:
(a) a motor home or travel trailer described in this policy for which a premium charge is shown for these coverages; and
ls(b) A trailer owned by you.
[Emphasis in original].
Later in the same endorsement, under “SECTION III-PHYSICAL DAMAGE COVERAGES,” there is a provision that states, “The definitions in Section I-Liability Coverage of the GEICO automobile insurance policy apply to this Section. The definitions in Section I-Vacation Liability Coverage of this endorsement apply to this Section.” [Emphasis in original].
After review of the insurance policy and endorsement as a whole, we find that there is a remaining ambiguity within the provisions as to what is considered to be an “Owned auto.” Although the endorsement initially states that the definitions under “SECTION I-LIABILITY COVERAGES” are excluded and a different definition of “Owned auto” is provided, the same endorsement later states that the definitions from “SECTION I-LIABILITY COVERAGES” are applicable to that section. We agree with Mr. Lawler that the endorsement is inherently ambiguous. Ultimately, the endorsement both excludes and includes coverage for a replacement trailer added within 30 days of acquisition. As such, the contractual provisions are to be construed against GEICO, the issuer of the policy, and in favor of Mr. Lawler. See, Hill, supra. Therefore, upon our de novo review, we find that GEICO policy number 4222-02-36-91 does provide coverage for the Zeppelin trailer formerly owned by Mr. Lawler.
DECREE
For the foregoing reasons, we find that summary judgment in favor of Mr. Lawler *989 is appropriate on the issue of insurance coverage. GEICO is assessed the costs of this appeal.

AFFIRMED.