IOANNIS MAROULIS

VERSUS

ENTERGY LOUISIANA, LLC, ET AL.

NO. 20-C-298

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 793-761, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

February 10, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**WRIT GRANTED; SUMMARY JUDGMENT GRANTED;**
**THIRD-PARTY CLAIMS DISMISSED WITH PREJUDICE**
 **RAC**
 **MEJ**
 **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
IOANNIS MAROULIS
      William J. Mitchell, II
      Chet G. Boudreaux
      Richard F. Zimmerman, III

COUNSEL FOR DEFENDANT/RELATOR,
EVANSTON INSURANCE COMPANY
      Sidney W. Degan, III
      Paul A. Eckert
      Karl H. Schmid
      Travis L. Bourgeois

COUNSEL FOR DEFENDANT/RESPONDENT,
HOTEL INVESTORS, LLC AND EXPOTEL HOSPITALITY SERVICES, LLC
      H. Minor Pipes, III
      Stephen L. Miles
      Patrick J. Lorio
      Emily E. Ross

COUNSEL FOR DEFENDANT/RESPONDENT,
ENTERGY LOUISIANA, LLC
      Catharine O. Gracia
      Darryl M. Phillips
      Sandra Diggs-Miller
      John A. Braymer

COUNSEL FOR DEFENDANT/RESPONDENT,
SUNBELT RENTAL SCAFFOLD SERVICES, LLC
      Kelsey A. Clark
      Douglas K. Williams
      Cullen J. Dupuy
      Druit G. Gremillion, Jr.

COUNSEL FOR DEFENDANT/RESPONDENT,
AUSI BUILDERS AND CONSTRUCTION, LLC
      Michael S. Futrell

COUNSEL FOR DEFENDANT/RESPONDENT,
ACE AMERICAN INSURANCE COMPANY
      Robert I. Siegel
      Elizabeth A. B. Carville

COUNSEL FOR DEFENDANT/RESPONDENT,
CASTLEMAN, DONLEA AND ASSOCIATES, LLC
      Andre' C. Gaudin
      Mindy N. Duffourc
      Jason R. Tomlinson

COUNSEL FOR DEFENDANT/RESPONDENT,
SCOTTSDALE INDEMNITY COMPANY
      Douglas M. Kleeman
      Katherine K. Quirk

**CHAISSON, J.**

In this case arising from a construction accident, Evanston Insurance Company ("Evanston"), seeks supervisory review of a June 30, 2020 judgment of the trial court denying its motion for summary judgment seeking dismissal of third-party claims filed against it by Hotel Investors, LLC and Expotel Hospitality – HIM, LLC (collectively "Hotel Investors"). Pursuant to the provisions of La. C.C.P. art. 966(H), this case was assigned for additional briefing and oral argument. For the following reasons, we grant this writ application, reverse that portion of the trial court's ruling that denied Evanston's motion for summary judgment, render judgment granting Evanston's motion for summary judgment, and dismiss Hotel Investor's third-party claims against Evanston with prejudice.

**FACTS AND PROCEDURAL HISTORY**

This complex, multiparty case arises from a work-related accident that occurred during the renovation of the Hampton Inn located in Metairie, Louisiana. Hotel Investors hired Sigur Construction, LLC ("Sigur") and Castleman, Donlea, and Associates, LLC ("Castleman") as the general contractors for the project. Castleman, in turn, hired Sunbelt Rentals Scaffold Services, LLC ("Sunbelt") as the scaffolding subcontractor for the project. On April 19, 2018, Ioannis Maroulis, an employee of Sunbelt, suffered an electrical shock when a piece of scaffolding equipment came into contact with an overhead power line.

Mr. Maroulis filed a petition for damages against Hotel Investors and Expotel, and various other defendants, alleging various counts of negligence. Hotel Investors and Expotel then filed a third-party demand against Castleman and its insurer, Evanston Insurance Company ("Evanston"), alleging a breach of the construction contract between Hotel Investors and Castleman and seeking

insurance coverage under the commercial general liability (CGL) policy and the excess liability policy issued by Evanston to Castleman.[1]

In this writ, Evanston seeks supervisory review of the trial court's denial of its motion for summary judgment on the issue of whether the CGL policy provides insurance coverage to Hotel Investors for claims made by Mr. Maroulis in his initial petition. In its motion for summary judgment, Evanston seeks dismissal of all of Hotel Investors' claims against it, arguing that there is no insurance coverage under the Evanston policies for Hotel Investors for the types of claims asserted in the lawsuit. Evanston argues that, regardless of Hotel Investor's status as an additional insured, the CGL policy specifically excludes coverage for "bodily injury" to workers. Thus, according to Evanston, Mr. Maroulis' claims for personal injury are not covered by the CGL policy.[2]

## DISCUSSION

Appellate courts apply a *de novo* standard of review in considering lower court rulings on summary judgment motions. *Lloyd's Syndicate 1861 v. Darwin Nat'l Assurance Co.*, 17-623 (La. App. 5 Cir. 5/23/18), 248 So.3d 709, 714. Thus, we use the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Id.* A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Disputes concerning the interpretation of an insurance contract, which is a question of law, can often be resolved on a motion for summary judgment. *Lloyd's Syndicate 1861, supra.* Contrary to the

---

[1] The excess policy follows the form of the primary CGL policy and is subject to the same terms, conditions, and exclusions as the primary policy; therefore, we refer to them collectively herein as the CGL policy.

[2] In a related writ, 20-C-240, Hotel Investors seeks supervisory review of the trial court's denial of its motion for partial summary judgment wherein Hotel Investors sought to have itself declared an additional insured on the commercial general liability (CGL) policy and the excess insurance policy issued by Evanston to Castleman.

determination of the trial court, there are no factual disputes regarding this coverage left to be resolved, but rather the interpretation of the language of the insurance contract itself. In the case before us, whether the CGL policy provides coverage to Hotel Investors for Mr. Maroulis' claims, may be resolved in one of two ways, either of which lead to a determination in Evanston's favor.

First, we consider Hotel Investors' argument that it is an additional insured on the CGL policy because of the Blanket Additional Insured Endorsement. This is a simple matter of contract interpretation. In *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911 (La. 1/14/94), 630 So.2d 759, 763, the Louisiana Supreme Court outlined the elementary principles for construing insurance policies, stating:

> An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code … An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume … Ambiguity in an insurance policy must be resolved by construing the policy as a whole; one policy provision is not to be construed separately at the expense of disregarding other policy provisions … [I]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation. The determination of whether a contract is clear or ambiguous is a question of law. (Internal citations omitted.)

Hotel Investors argues that the Blanket Additional Insured Endorsement made part of the Evanston policy adds "as an additional insured any person or entity to whom [Castleman is] obligated by *valid written contract* to provide such coverage." Hotel Investors relies on this clause to maintain its claim for additional insured status because it is not a named insured on the CGL policy. As discussed in our opinion on writ 20-C-226 concurrently published today, the construction

contract between Hotel Investors and Castleman, which contains those insurance requirement provisions, is an absolute nullity. Pursuant to La. C.C. art. 2033, this Court must treat the absolutely null contract as if it had never existed. As such, for the purposes of this analysis, there is no "valid written contract" that obligates Castleman to provide additional insurance to Hotel Investors. Therefore, Hotel Investors has no coverage as an additional named insured under the endorsement contained in the Evanston policies.

Regardless of the finding of the nullity of the construction contract between Castleman and Hotel Investors, or Hotel Investors' status as an additional insured under the Blanket Additional Insured Endorsement, the CGL policy still specifically excludes coverage for claims arising from bodily injury to either Castleman's or its subcontractors' workers. The language of the CGL Employers Liability and Bodily Injury to Contractors or Subcontractors Exclusion states:

This insurance does not apply to:

Bodily Injury to Contractors Or Subcontractors

"Bodily Injury" to any:

(1) Contractor or subcontractor while working on behalf of any insured;

(2) Employee, volunteer worker, leased employee or temporary worker of such contractor or subcontractor indicated in paragraph (1) above;

(3) Additional subcontractor, including the employees, volunteer workers, leased employees or temporary workers of such contractor or subcontractor indicated in paragraph (1) above; or

(4) Any other person who performs labor in any capacity for or on behalf of any person indicated in paragraph (1), (2) or (3) above, with or without any form of compensation.

Hotel Investors acknowledges this employer liability exclusion, but argues that the language of the Additional Named Insured Endorsement supersedes the language of this exclusion, or at least creates an ambiguity which must be resolved in favor of coverage. It is well settled law that exclusionary provisions in

insurance contracts are strictly construed against the insurer, and any ambiguity or doubt as to the meaning of a provision is construed in favor of the insured. *Thomas v. Miller*, 14-115 (La. App. 5 Cir. 9/24/14), 159 So.3d 491, 494, *writ denied*, 15-1154 (La. 9/18/15), 178 So.3d 150 (*citing Garcia v. St. Bernard Parish School Board*, 576 So.2d 975, 976 (La. 1991)). Louisiana courts, however, do not take it upon themselves to interpret contracts which are not ambiguous. *Landerman v. Liberty Services, Inc.*, 93-601 (La. App. 1 Cir. 5/20/94), 637 So.2d 809, 812. Absent ambiguity, the contract is to be read according to its plain intent, and contractual obligations are to be enforced as written and given legal effect according to the true intent of the parties. *Goldman v. Doe*, 12-531 (La. App. 5 Cir. 3/27/13), 113 So.3d 376, 380; *Bailey v. Franks Petroleum, Inc.*, 479 So.2d 563, 566 (La. App. 1st Cir. 1985). Except for words of art and technical terms, the words of a contract must be given their generally prevailing understood meaning. La. C.C. art. 2047.

The additional insured endorsement relied upon by Hotel Investors states the following:

A. Who Is An Insured is amended to include as an additional insured any person or entity to whom you are obligated by valid written contract to provide such coverage, but only with respect to negligent acts or omissions of the Named Insured and only with respect to any coverage not otherwise excluded in the policy.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If the coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

Our agreement to accept an additional insured provision in a contract is not an acceptance of any other provisions of the contract or the contract in total.

When coverage does not apply for the Named Insured, no coverage or defense will apply for the additional insured.

No coverage applies to the additional insured shown in the Schedule of this endorsement for injury or damage of any type to any "employee" of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury or damage.
…

The language of this endorsement is consistent with the language of the employers' bodily injury exclusion. In particular, and contrary to Hotel Investors' argument, the language in this endorsement precludes expansion of coverage to an additional insured beyond that which is provided to a Named Insured. In other words, Castleman, the Named Insured under this policy, is excluded from coverage for bodily injury claims brought by employees of its subcontractors, such as Mr. Maroulis, and the language of this endorsement plainly states that such an exclusion applies to any additional insureds as well. As such, Hotel Investors is excluded from coverage under this policy for claims arising from Mr. Maroulis' bodily injuries.

**CONCLUSION**

Upon *de novo* review, for the aforementioned reasons, we find that there are no genuine material facts and that, under the terms of its policies, Evanston is entitled to summary judgment as a matter of law as to Hotel Investors' claims against it. Accordingly, we grant this writ application, reverse that portion of the trial court's ruling that denied Evanston's motion for summary judgment, render judgment granting Evanston's motion for summary judgment, and dismiss Hotel Investors' third-party claims against Evanston with prejudice.

**WRIT GRANTED;**
**SUMMARY JUDGMENT GRANTED;**
**THIRD-PARTY CLAIMS DISMISSED**
**WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 10, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-C-298

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)

RICHARD F. ZIMMERMAN, III
(RESPONDENT)
H. MINOR PIPES, III (RESPONDENT)
DARRYL M. PHILLIPS (RESPONDENT)
DRUIT G. GREMILLION, JR.
(RESPONDENT)
ROBERT I. SIEGEL (RESPONDENT)

SIDNEY W. DEGAN, III (RELATOR)
PATRICK J. LORIO (RESPONDENT)
CULLEN J. DUPUY (RESPONDENT)
MICHAEL S. FUTRELL (RESPONDENT)
MINDY N. DUFFOURC (RESPONDENT)

TRAVIS L. BOURGEOIS (RELATOR)
STEPHEN L. MILES (RESPONDENT)
DOUGLAS K. WILLIAMS (RESPONDENT)
ELIZABETH A. B. CARVILLE
(RESPONDENT)
DOUGLAS M. KLEEMAN (RESPONDENT)

### MAILED

EMILY E. ROSS (RESPONDENT)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 1800
NEW ORLEANS, LA 70163

KATHERINE K. QUIRK (RESPONDENT)
ATTORNEY AT LAW
365 CANAL STREET
SUITE 2000
NEW ORLEANS, LA 70130

KARL H. SCHMID (RELATOR)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 2600
NEW ORLEANS, LA 70130

ANDRE' C. GAUDIN (RESPONDENT)
JASON R. TOMLINSON (RESPONDENT)
ATTORNEYS AT LAW
5213 AIRLINE DRIVE
METAIRIE, LA 70001

PAUL A. ECKERT (RELATOR)
ATTORNEY AT LAW
5555 HILTON AVENUE
SUITE 620
BATON ROUGE, LA 70808

CHET G. BOUDREAUX (RESPONDENT)
WILLIAM J. MITCHELL, II
(RESPONDENT)
ATTORNEYS AT LAW
5656 HILTON AVENUE
BATON ROUGE, LA 70808

JOHN A. BRAYMER (RESPONDENT)
SANDRA DIGGS-MILLER (RESPONDENT)
ATTORNEYS AT LAW
639 LOYOLA AVENUE
26TH FLOOR
NEW ORLEANS, LA 70113

CATHARINE O. GRACIA (RESPONDENT)
ATTORNEY AT LAW
639 LOYOLA AVENUE
SUITE 2600
NEW ORLEANS, LA 70113

KELSEY A. CLARK (RESPONDENT)
ATTORNEY AT LAW
ONE AMERICAN PLACE, 23RD FLOOR
POST OFFICE BOX 3197
BATON ROUGE, LA 70821-3197